**EIGHTH STREET BAPTIST CHURCH, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. KC–2658.**

United States District Court
D. Kansas.

Sept. 25, 1968.

Myles C. Stevens, of Stevens, Jackson, Davis & Haley, Kansas City, Kan., for plaintiff.

Newell A. George, U. S. Atty., Benjamin E. Franklin and Thomas E. Joyce, Asst. U. S. Attys., Kansas City, Kan., and John DeBruyn, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action for the refund of income taxes deducted and withheld from the wages of employees and paid to the defendant by plaintiff.

The facts have been stipulated by the parties, and a hearing was held by the court on February 15, 1968, in which plaintiff's minister testified as to the church's beliefs and operations relevant to this action.

The taxes involved were deducted and withheld from the wages of plaintiff's organist, pianist, choir director, janitor, and church clerk. Plaintiff has filed returns for and paid the amounts in controversy, and a refund claim was disallowed by the District Director of Internal Revenue on May 29, 1967.

The plaintiff's arguments, set out in the pretrial order agreed to by both parties, are:

(1) The church cannot be made a trustee or collection agency against its will;

(2) The First Amendment to the Constitution renders the Internal Revenue Service powerless to enforce against churches the statutory duty of withholding from wages of their employees;

(3) It is not the intent of Congress to require churches to withhold taxes

from the wages of its employees; and

(4) It is against plaintiff's religious belief for it to be made a "servant of the Federal Government."

Defendant's argument, as reflected by the pretrial order, is that plaintiff is not exempt from the duty to deduct and withhold income tax from the wages of its employees, except for payments to its minister.

The withholding requirement imposed upon employers is set forth in 26 U.S.C.A. § 3402:

"*(a) Requirement of withholding.* —Every employer making payment of wages shall deduct and withhold upon such wages (except as otherwise provided in this section) a tax determined in accordance with the following tables. * * *"

It is this provision which plaintiff contends is in conflict with the First Amendment's guarantees respecting the freedom of religion.

 The Supreme Court has indicated this limitation on the rights urged by plaintiff:

"We do not mean to say that religious groups and the press are free from all financial burdens of government. See Grosjean v. American Press Co., 297 U.S. 233, 250, 56 S.Ct. 444, 449, 80 L.Ed. 660. We have here something quite different, for example, from a tax on the income of one who engages in religious activities or a tax on property used or employed in connection with those activities. It is one thing to impose a tax on the income or property of a preacher. It is quite another thing to exact a tax from him for the privilege of delivering a sermon. * * * The power to tax the exercise of a privilege is the power to control or suppress its enjoyment." Murdock v. Com. of Pennsylvania, 319 U.S. 105, 112, 63 S.Ct. 870, 874, 87 L.Ed. 1292 (1943).

The Tax Court, citing the *Murdock* case, in Muste v. Commissioner, 35 T.C. 913, 918 (1961), explained the standard this way:

"It is clear, therefore, that a taxing statute is not contrary to the provisions of the first amendment unless it directly restricts the free exercise by an individual of his religion. We think it clear that, within the intendment of the first amendment, the Internal Revenue Code, in imposing the income tax and requiring the filing of returns and the payment of the tax, is not to be considered as restricting an individual's free exercise of his religion."

I must rule that the plaintiff is bound by the provisions of 26 U.S.C.A. § 3402. In so ruling, I do not mean to question the sincerity of plaintiff's beliefs. I simply hold that there is no conflict between this statute and the First Amendment to the Constitution. Judgment will be entered for the defendant. Counsel for the defendant will prepare and submit an appropriate judgment entry.