**EIGHTH STREET BAPTIST CHURCH, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. KC–2658.**

United States District Court
D. Kansas.

Feb. 13, 1969.

Myles C. Stevens, of Stevens, Jackson, Davis & Haley, Kansas City, Kan., for plaintiff.

Benjamin E. Franklin, U. S. Atty., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., and John DeBruyn, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

OPINION

ARTHUR J. STANLEY, Jr., Chief Judge.

Plaintiff moves for reconsideration of the court's memorandum of decision filed September 25, 1968, and reported at 291 F.Supp. 603 (D.Kan.1968). Judgment has not been entered. Counsel have agreed that the motion may be treated as one for amendment of findings and for additional findings. Rule 52(b), F.R. Civ.P.

Plaintiff seeks by its motion a specific finding as to its third contention: "It is not the intent of Congress to require

churches to withhold taxes from the wages of its employees * * *." This contention, plaintiff says, is based upon 26 U.S.C.A. § 3401, which provides, in part:

"*(a) Wages.*—For purposes of this chapter, the term 'wages' means all remuneration * * * for services performed by an employee for his employer, * * * except that such term shall not include renumeration paid— * * *

"(9) for services performed by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order * * *."

Plaintiff says that its organist, pianist, choir director, janitor and church clerk fall within the statutory category of "member[s] of a religious order in the exercise of duties required by such order * * *." I find that each of the employees involved is a member of the church and that each was elected to his position by the congregation of the church. I find also that none is or was a minister "in the exercise of his ministry."

Plaintiff's argument is stated as follows:

"We feel that if Congress intended that churches should be compelled to withhold taxes from wages or remuneration of members, that such an intention would be clearly stated, and in the absence of such a law, the Director does not have the power to compel the church to withhold."

The statute in question provides that *all* wages are subject to withholding with certain specified exceptions set out in § 3401(a). Thus it may be presumed that Congress intended wages of church members to be subject to withholding unless such wages fall within the category of one of the exceptions. Unless

the services for which payment was made were performed by the payees as "member[s] of a religious order in the exercise of duties required by such order," the payment for those services are subject to withholding. A clear congressional intent as to the meaning of subsection (a) (9) does not appear in any legislative history which I have found, and there is no citation to relevant history by counsel. I can only suppose, therefore, that Congress intended the ordinary meaning of the words used. 2 Sutherland, Statutory Construction § 4919 (3d ed. 1943). And the ordinary meaning of "religious order" does not seem to include the employees in question. The dictionary defines "order" in this context as:

" * * * a religious body typically an aggregate of separate communities living under a distinctive rule, discipline or constitution: a monastic brotherhood or society * * *." Webster's Third New International Dictionary, p. 1587 (1963).

I am unable to say that the employees in question are members of a "religious order," as the term is used in the statute. I find that they are not. My finding is also based on the fact that in this section of the statute Congress chose to use both the term "church" and the term "religious order." I can only assume that the distinction was intended and that Congress chose to exempt from withholding the remuneration of a minister of a church, but not to except wages paid to other employees of the church.

I conclude, therefore, that 26 U.S.C.A. § 3401(a) (9) does not exempt from withholding requirements wages paid to employees of a church who happen also to be members of the church and who are "elected" to their jobs by the congregation.

Judgment will be entered for the defendant. Counsel for the defendant will prepare and submit an appropriate judgment entry.