UNITED STATES of America, Plaintiff,

v.

Edward A. ROBERTS, Defendant.

UNITED STATES of America, Plaintiff,

v.

Kenneth L. HOUSER, Defendant.

UNITED STATES of America, Plaintiff,

v.

Robert E. WILHELM, Defendant.

Crim. A. Nos. 76–112 to 76–114.

United States District Court,
D. Delaware.

Jan. 20, 1977.

---

23. These 60 days shall be computed in accordance with the rules stated in 18 U.S.C. § 3161(e), (h).

**1282**

John H. McDonald, Asst. U.S. Atty., Wilmington, Del., for plaintiff.

Edward A. Roberts, pro se.

Kenneth L. Houser, pro se.

Robert E. Wilhelm, pro se.

LATCHUM, Chief Judge.

The defendants are charged with multiple violations of 26 U.S.C. § 7205, *i.e.*, supplying false or fraudulent withholding exemption certificates (Form W4E) to their employer. After electing to exercise their right to self-representation, each defendant has filed a motion to dismiss the information filed against him on the ground that 26 U.S.C. § 7205 is unconstitutional. The thrust of defendants' attack, however, is aimed at 26 U.S.C. § 3402 which directs an employer to deduct and withhold a tax determined in accordance with certain tables on wages paid to its employees. Defendants have proffered a variety of theories in support of the contention that 26 U.S.C. § 3402 is unconstitutional and that, there-

fore, 26 U.S.C. § 7205, which derives its authority from § 3402, is likewise unconstitutional.

■ First, defendants contend that § 3402 imposes involuntary servitude upon employers in violation of the Thirteenth Amendment to the Constitution and deprives them of their property and liberty in violation of the Fifth Amendment to the Constitution. This Court disagrees.

In considering the constitutionality of a comparable provision requiring employers to withhold a social security tax for its employees, the Fifth Circuit observed that

> "[the argument] that the act violates the Thirteenth Amendment by imposing involuntary servitude upon an employer of domestic servants, seems to us farfetched, indeed frivolous. There is no suggestion, in the law, of the imposition of a servitude, there is merely a requirement that as to the tax due by domestic employees on account of the wages paid them by their employer, the employer must withhold the amount fixed by law and account it to the United States. The enforcement of the act is not the imposition of a servitude. It is the collection of a tax and the enforcement of an obligation, which under settled federal law appellants may be and are lawfully subjected to." *Abney v. Campbell*, 206 F.2d 836, 841 (C.A. 5, 1953), *cert. denied*, 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417 (1954). *See also Beltran v. Cohen*, 303 F.Supp. 889 (N.D.Cal.1969).

And in *Brushaber v. Union Pacific R.R. Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), in which a stockholder sought to enjoin a corporation from complying with the income tax withholding provisions of the Tariff Act of 1913, the Supreme Court held that the due process clause of the Fifth Amendment "is not a limitation upon the taxing power conferred upon Congress by the Constitution; in other words, . . . the Constitution does not conflict with itself by conferring upon the one hand a taxing power and taking the same power away on the other by the limitations of the due process clause." *Id.* at 24, 36 S.Ct. at 244.

Thus, by analogy 26 U.S.C. § 3402 violates neither the Fifth nor the Thirteenth Amendments to the Constitution. *See also Wilmette Park District v. Campbell*, 338 U.S. 411, 70 S.Ct. 195, 94 L.Ed. 205 (1949) (upholding provision requiring collection of use tax on admissions to public beach); *Allen v. Regents*, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448 (1938) (provision requiring state university to collect and pay over federal tax on admissions to intercollegiate football games held constitutional); *Steward Machine Co. v. Davis*, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937) (upholding constitutionality of social security tax withholding provision); *Eighth Street Baptist Church, Inc. v. United States*, 291 F.Supp. 603 (D.Kan.1968) (held that requiring a church to deduct and withhold income taxes from the wages of church employees, in accordance with 26 U.S.C. § 3402, is not a violation of the freedom of religion provision of the First Amendment); *cf. Scripto, Inc. v. Carson*, 362 U.S. 207, 80 S.Ct. 619, 4 L.Ed.2d 660 (1960); *Kasey v. Commissioner of Internal Revenue*, 457 F.2d 369 (C.A. 9, 1972).

Secondly, defendants contend that § 3402 offends the Constitution in that it causes the employer to commit "extortion" by requiring it to withhold a wage tax each pay period prior to the close of the employee's taxable year when the employee is ultimately liable for a tax on income. In other words, defendants believe that the wage tax withholding provision represents extortion under color of law because it authorizes the collection of a tax before the employee's tax liability has matured.

Again, however, defendants' attack on § 3402 misses the mark. The withholding provision enables the employee to pay his income tax throughout the year, so that when he files his return he either pays a balance due or is refunded an amount overpaid. Obviously, the Congress intended to put employees' income tax liabilities on an installment or "pay-as-you-go" basis. But the employer is not required to withhold federal income taxes from an employee's wages if the employee certifies to the employer that (1) he incurred no liability for income tax in the prior year, and (2) he expects to have no federal income tax liability for the current year. 26 U.S.C. § 3402(n). Otherwise, computation of the tax to be withheld depends on the payroll period, the number of claimed exemptions and allowances, and the amount of wages or other payments subject to withholding. Thus, the amount of tax periodically withheld is based on calculations of the assessable year-end tax liability and, after it is turned over to the Treasury, is credited to the income tax account of the person from whom it is withheld. Since no tax is withheld from an employee for which he is not liable and to which the government is not entitled, defendants' argument that § 3402 authorizes extortion can be charitably characterized as chimerical.

Accordingly, the motions to dismiss the information filed against each of the defendants will be denied.[1]

---

1. The defendants have appended to their motions to dismiss a nebulously-worded request for immunity. Aside from its unintelligibility, however, it is clear in any event that the Court is without power to grant such a request on the basis of a petition by defendants; only the United States Attorney, with the approval of superior officials, is authorized to request an order granting immunity to a witness. *United States v. Allstate Mortgage Corp.*, 507 F.2d 492, 495 (C.A. 7, 1975).