575 F.2d 495
 78-2 USTC P 9525
 Howell C. WILLIS, Plaintiff-Appellant,
v.
Donald C. ALEXANDER, Commissioner of Internal Revenue, A. W.
McCanless, District Director of Internal Revenue,
L. E. Semrick, Director of Internal
Revenue Service Center,
Defendants-Appellees.
 No. 77-3101
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 June 19, 1978.
 
 Howell C. Willis, pro se.
 Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Section, Jonathan S. Cohen, Ronald A. Dweck, Attys., Tax Div. Dept. of Justice, Washington, D. C., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Taxpayer, Howell Willis, filed suit in district court for injunctive and declaratory relief with respect to the constitutionality of certain federal income tax laws. The taxpayer asserts numerous issues in this appeal from the district court's dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. We find them all to be without merit and affirm the judgment of the district court. A brief discussion of several of these points follows.
 
 
 2
 Taxpayer filed his federal income tax returns for 1974 and 1975 and "did complete it up to the point wherein (taxpayer) determined that to provide information might tend to incriminate (taxpayer)." R. 7. He thereafter went on the offensive and filed this suit seeking judicial determination of the constitutionality of the income tax laws.
 
 
 3
 Neither injunctive nor declaratory relief are available to the taxpayer in this case. The very language of the Declaratory Judgment Act precludes a federal court from giving relief in actions involving federal taxes. 28 U.S.C. § 2201. Injunctive relief is also barred under the terms of 26 U.S.C. § 7421(a). See Hartman v. Switzer, 376 F.Supp. 486 (W.D.Pa.1974).
 
 
 4
 Taxpayer asserts that the Tax Court of the United States is unconstitutional. The Fifth Circuit has already considered this contention and found it to be without merit. Nash Miami Motors, Inc. v. C. I. R., 358 F.2d 636 (5th Cir. 1966), cert. den., 385 U.S. 918, 87 S.Ct. 227, 17 L.Ed.2d 142.
 
 
 5
 Finally, taxpayer contends that the questions on the individual income tax return are unconstitutional. The Supreme Court recently stated that "the questions in (an) income tax return (are) neutral on their face and directed at the public at large," Garner v. United States, 424 U.S. 648, 660, 96 S.Ct. 1178, 1186, 47 L.Ed.2d 370, 381 (1976) citing Albertson v. SACB, 382 U.S. 70, 79, 86 S.Ct. 194, 15 L.Ed.2d 165 (1965), and thus not unconstitutional.
 
 
 6
 Finding these and all other issues raised to be without merit, we affirm the judgment of the district court.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I