Rex W. EAGLE, Plaintiff,

v.

KENAI PENINSULA BOROUGH et al., Defendants.

Civ. No. A 79–139.

United States District Court,
D. Alaska.

April 30, 1980.

Andrew R. Sarisky, Kenai Peninsula Borough Atty., Soldotna, Alaska, John R. Strachan, Anchorage, Alaska, for defendants.

Alexander O. Bryner, U. S. Atty., Anchorage, Alaska, Paul D. Barker, Dept. of Justice, Washington, D. C., for United States of America, appearing amicus curiae for defendants.

## OPINION

FITZGERALD, District Judge.

The plaintiff, Rex W. Eagle, claims damages of $1,000,500 against the Kenai Peninsula Borough, its officers, employees, and wives and husbands, for withholding federal income tax from his paycheck. Additionally, the plaintiff has caused to be filed "common law liens" on real property owned by the Borough officials, and their spouses.

Jurisdiction is claimed under 42 U.S.C. §§ 1983, 1985 and 1986.

The defendants jointly have moved for summary judgment against the plaintiff's claims, and the Borough officials have also moved for dissolution of the "common law liens."

Eagle, who was employed by the Borough as an electronics technician, submitted to his employer a standard W–4 withholding certificate claiming two exemptions. On February 2, 1979 he submitted a new W–4 certificate claiming 29 exemptions. The Borough inquired[1] of the Internal Revenue Service concerning the validity of the newly filed W–4 and requested a written ruling.

An agent of the Internal Revenue Service promptly sent Eagle a form letter requesting additional information to substantiate his claim for 29 exemptions.[2] Eagle responded on a printed form:

### AFFIDAVIT FOR TAXPAYER PROTECTION

I hereby swear under penalty of purjury [sic] that following statement is true and

---

1. While not explicitly stated in the papers, the employing Borough apparently felt obligated by existing I.R.S. regulations to contact the District Director. Treasury Regulations on Employment Tax (1954 Code) 26 C.F.R. § 31.-3401(3)–1(b) provide in pertinent part:

    The employer is not required to ascertain whether or not the number of withholding exemptions claimed is greater than the number of withholding exemptions to which the employee is entitled. *If, however, the employer has reason to believe that the number of withholding exemptions claimed by an employee is greater than the number to which such employee is entitled, the district director should be so advised.* [emphasis supplied].

2. The regulations of the Internal Revenue Code, 26 U.S.C. § 6001, permit the Service to require documentation of the accuracy of W–4 certificates.

correct particular: I have received no legal income since March 18, 1968.[3]

Handwritten under the form, but over Eagle's signature, was:

I do not volunteer to participate in your Income Tax Program.

After receiving Eagle's statement, the Internal Revenue Service notified the Borough that Eagle had failed to verify his claim of 29 exemptions. The Borough was instructed that it should withhold federal income taxes on the basis of Eagle's original W–4 certificate. Compliance by the Borough with the Internal Revenue Service's instructions led directly to the present litigation.

 To establish a claim under § 1983, the claimant must show deprivation under state authority of some right created by federal law. State political subdivisions and their officials, acting within authority, may be sued under § 1983. *Monell v. Dept. of Soc. Serv. of N. Y.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[4] Summary judgment, however, is appropriate in this case since Eagle has failed to establish by any evidence deprivation of a federal constitutional right. It is established that federal income tax withholding does not result in the violation of rights protected by the Fourth and Fifth Amendments to the Constitution. *United States v. Smith*, 484 F.2d 8 (10th Cir.) *cert. denied* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1973). Therefore, I conclude that the plaintiff has not stated a claim of deprivation and that his § 1983 claim founded on that allegation must be dismissed with prejudice.

Eagle's claim under § 1985 and § 1986 are likewise defective. He has failed to establish by any evidence an unlawful conspiracy motivated by a "class-based animus." *Life Ins. Co. of North America v.*

*Reichardt*, 591 F.2d 499, 502–503 (9th Cir. 1979). *See also DeSantis v. Pacific Telephone*, 608 F.2d 327 (9th Cir. 1979). Nor has plaintiff established any evidence of a constitutional tort such as presented in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). *See United States v. Smith, supra* (deduction of federal income tax does not constitute a violation of a right protected under the Constitution).

I conclude that the defendants, as a group, and each of them are entitled to summary judgment since they violated no right of the plaintiff. The "common law liens" are null and void and shall be cancelled. Being mindful that attorneys' fees may not be allowed defendants in civil rights cases unless the claim is frivolous or brought for the purpose of embarrassment, harassment or vexation, I find that this is such a case. Accordingly, defendants are allowed their reasonable costs and attorneys' fees.

---

3. The significance of this date was not explained. Presumably, it is a reference to the last date on which the Treasury Department redeemed paper money with silver. *Cf. United States v. Wangrud*, 533 F.2d 495 (9th Cir.) *cert. denied* 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976). (Federal reserve notes are legal tender for tax and all other purposes).

4. *Cf. Owen v. City of Independence, Missouri*, —— U.S. ——, 100 S.Ct. 1398, 63 L.Ed.2d 673, 1980 (cities sued under § 1983 are not entitled to a qualified immunity defense founded on good faith of their officials).