Robert E. CHANDLER

v.

**PERINI POWER CONSTRUCTORS, INC.; William A. Dileo.**

Civ. No. 81–262–D.

United States District Court, D. New Hampshire.

Aug. 31, 1981.

Robert E. Chandler, pro se.

Wilbur A. Glahn, III, Manchester, N. H., Robert J. McDonough, Boston, Mass., for defendants.

John McAllister, DOJ, Washington, D. C., Helen J. Forsyth, Asst. U. S. Atty., Concord, N.H., for I.R.S.

MEMORANDUM OPINION

SHANE DEVINE, Chief Judge.

May an employee whose paycheck has been diminished by the withholding of federal income tax by his employer pursuant to the direction of the federal tax authorities recover from said employer in an action of conversion? This is the issue presented to this Court by the instant litigation.

Robert E. Chandler, a resident of Northwood, New Hampshire, was employed in April 1981 by Perini Power Constructors, Inc. ("Perini"), a New Hampshire corporation with a place of business at Seabrook, New Hampshire. Perini was engaged in the ongoing construction of a nuclear power plant at Seabrook, and defendant William A. Dileo ("Dileo") was Perini's construction project manager. Perini was directed by the United States Internal Revenue Service ("IRS") to withhold certain income taxes from the plaintiff's weekly paycheck, and it did so. Plaintiff responded by commencing an action in the Rockingham County Superior Court, and defendants sought to remove such action to this court. Presently before the Court for resolution following oral argument are various motions filed by the parties.

*1. The Motion to Remand.*

The amended complaint [1] seeks to recover for defendants' action in withholding the funds from plaintiff's paycheck, such actions being conceived by plaintiff to constitute an illegal and improper conversion of his wages. In urging entitlement to such recovery, plaintiff relies on certain state and federal statutes, and contends that inasmuch as he so relies, this Court is without jurisdiction as to removal of the instant action.

The crux of plaintiff's complaint is to be found in paragraph 8 whereof, wherein it is stated:

That from the pay for the week of April 19th through the 25th the Defendants Perini, by order of Mr. Dileo, did wrongfully and illegally remove from the Plaintiff's paycheck certain sums for the benefit of the Internal Revenue Service, a third party, without a court order, such money legally and rightfully belonging to Plaintiff, that he did not grant permission or allow Defendants to take those monies.

Initially imposed for a brief period between 1913 and 1917, federal tax withholding became more or less a permanent fixture in 1943. *See Central Illinois Public Service Company v. United States,* 435 U.S. 21, 26–27, 98 S.Ct. 917, 920, 55 L.Ed.2d 82 (1978). Section 3402 of the Internal Revenue Code, 26 U.S.C. § 3402, detailed the requirements imposed upon an employer, such as the defendants herein, to withhold income taxes from their employees, such as the plaintiff. The sums so withheld are commonly referred to as "trust fund taxes", thus reflecting the provision of the Internal Revenue Code that such withholdings or collections are deemed to be a "special fund in trust for the United States". 26 U.S.C. § 7501(a); *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). The employee is automatically given credit on its individual federal tax liability for the amount of taxes so withheld, even though the employer may not have turned over such sums to the Government. 26 U.S.C. § 1462; *Feist v. United States,* 607 F.2d 954, 957 (Ct.Cl.1979). Once such sums are credited against the employee's tax liability, the Government's recourse is against his employer pursuant to 26 U.S.C. § 3102(b) and § 3403, or against the corporate officer or employee who is deemed to be a person within the meaning of 26 U.S.C. § 6672 who willfully failed to collect and pay over the withheld taxes to the United States. *Id.; see also United States v. Pomponio,* 635 F.2d 293 (4th Cir. 1980); *Garsky v. United States,* 600 F.2d 86 (7th Cir. 1979). It is, accordingly, clearly demonstrable that the duties of withholding federal taxes from plaintiff's paycheck that were imposed upon the defendants herein were mandatory and not precatory in nature. In short, the Court finds and rules that the defendants had no discretion but to act in accordance with the directions of IRS in withholding such sums as were withheld from the paycheck of plaintiff. Plaintiff suggests, however, that the provisions of 26 U.S.C.

---

**1.** Pursuant to the liberal rules of pleading, Rule 15(a), Federal Rules of Civil Procedure; *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1968), we herewith grant plaintiff's motion to amend his pleadings and consider the legal issues presented on the basis of the complaint as amended.

§ 3402(n)[2] make clear that he is within the category of employees "incurring no income tax liability", *id.*, and that, therefore, this case is not removable as it does not arise under a law of the United States.[3] 26 U.S.C. § 3402(n) provides:

*(n) Employees incurring no income tax liability.*—Notwithstanding any other provision of this subsection, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for this preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year. *The Secretary shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f).*

(Emphasis added.)

Pursuant to the language above emphasized in § 3402(n), and in accordance with 26 U.S.C. § 7805, IRS promulgated certain temporary regulations,[4] effective March 19, 1981. The Court finds and rules that these regulations were properly enacted within the rulemaking power of IRS, and accordingly must be sustained as they are not "unreasonable and plainly inconsistent with the revenue statutes". *Thor Power Tool Company v. Commissioner of Internal Revenue*, 439 U.S. 522, 533, n. 11, 99 S.Ct. 773, 781, n. 11, 58 L.Ed.2d 785 (1979) (and cases therein cited).

Plaintiff's reliance on certain state statutes as a primary basis[5] of his claims for recovery is similarly misplaced. New Hampshire Revised Statutes Annotated Chap. 275 (Protective Legislation) provides for payment of weekly wages, RSA 275:43, and allows an unpaid employee to maintain an action for recovery of his unpaid wages and/or certain penalties "in any court of competent jurisdiction", RSA 275:53. Plaintiff, however, would have us overlook the exception in said statute, which provides, RSA 275:48,

[n]o employer may withhold or divert any portion of an employee's wages unless:

I. the employer is required or empowered to do so *by state or federal law* . . . . [emphasis added]

It is clear, as the Court here finds, that the defendants herein were required to withhold wages from the plaintiff by the application of federal law and, accordingly, the Court rules that the provisions of RSA 275 are not applicable to the claims advanced in the instant litigation. And the criminal statute prohibiting Theft by Authorized Taking or Transfer, RSA 637:3, is clearly here not applicable in the context of this civil litigation.

In short, wholly apart from plaintiff's reliance on 26 U.S.C. § 3402 as (at least a secondary) basis for recovery herein, exami-

---

**2.** In his amendment to the complaint, *see* n.1, *supra*, plaintiff added a reliance on the provisions of 26 U.S.C. § 3402 as a basis of his claim for recovery.

**3.** As diversity of citizenship does not here exist as between or among the parties, the general removal provision of 28 U.S.C. § 1441(b) to the effect that removal may be had of civil actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" is here applicable. In their removal petition, defendants specifically relied upon 28 U.S.C. § 1331 (granting original jurisdiction to district courts "of all civil actions arising under the Constitution, laws or treaties of the United States") and 28 U.S.C. § 1340 (granting original jurisdiction to district courts "of any civil action arising under any Act of Congress providing for internal revenue").

**4.** These temporary regulations are to be found in 46 Fed.Reg. 17,547–17,549 (Mar. 19, 1981), and they are attached as an Appendix to this Opinion.

**5.** As we have elsewhere indicated (*see* n.2, *supra*), the amended complaint also sets forth a claim based on 26 U.S.C. § 3402.

nation of paragraph 8, the crux of his complaint, demonstrates that a right created by federal law is an essential element of his cause of action, appearing on the face of the complaint unaided by any answer or petition for removal. *First National Bank of Aberdeen v. Aberdeen National Bank,* 627 F.2d 843, 849–50 (8th Cir. 1980) (and cases therein cited). The case has been properly removed to this court pursuant to the provisions of 28 U.S.C. § 1331 and § 1340, as the case is clearly one within the Internal Revenue laws of the United States, and the motion to remand must be and it is herewith denied.[6]

*2. The Motion to Dismiss.*

The law upholding the constitutionality of the federal tax withholding statutes is so well established as to render nugatory any challenge thereto. *Campbell v. Amax Coal Company,* 610 F.2d 701 (10th Cir. 1979); *United States v. Smith,* 484 F.2d 8 (10th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874 (1974); *United States v. Shimek,* 445 F.Supp. 884 (M.D.Pa. 1978); *United States v. Roberts,* 425 F.Supp. 1281 (D.Del.1977). *See also Eagle v. Kenai Peninsula Borough,* 489 F.Supp. 138 (D.Alaska 1980) (Borough employee submits W–4 claiming 29 exemptions, and when IRS instructs Borough to withhold in accordance with original filing of 2 exemptions, employee brings unsuccessful civil rights action against Borough).

■ With exceptions not here relevant, the Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits taxpayers in the position of plaintiff from bringing a suit "for the purpose of restraining the assessment or collection of any tax". The statutory language "could hardly be more explicit",

*Bob Jones University v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). Manifestly, the purpose of the Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing and Navigation Co., Inc.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The instant case is clearly one which has been brought for restraining the collection (through withholding) of federal income taxes, and the Court finds it is barred by the provisions of the Anti-Injunction Act. Moreover, the Court additionally finds that it is not within the exceptions outlined in *Enochs v. Williams Packing and Navigation Co., Inc., supra,* as the pleadings fail to clearly demonstrate (1) that the United States could not ultimately prevail under any circumstances with respect to the taxes in issue and (2) that equity jurisdiction otherwise exists.[7] Plaintiff's contention that he cannot get an unbiased tribunal if relegated to the refund procedure is without merit, for he will have a full opportunity to litigate any tax liability in a refund suit. *United States v. American Friends Service Committee,* 419 U.S. 7, 11, 95 S.Ct. 13, 15, 42 L.Ed.2d 7 (1974) (per curiam).

Additionally, the Declaratory Judgment Act, 28 U.S.C. § 2201[8] would not here provide relief because of the exception therein with respect to federal taxes. *See Willis v. Alexander,* 575 F.2d 495, 496 (5th Cir. 1978); *Flood v. Commissioner of Internal Revenue,* 275 F.Supp. 801, 802 (E.D.Wisc.1967); *Jules Hair Stylists of Maryland, Inc. v. United States,* 268 F.Supp. 511 (D.Md.1967), *aff'd,* 389 F.2d 389 (4th Cir.), *cert. denied,* 391

---

**6.** The removal of actions involving claims of federal tax withholding is no stranger to the law. *See City of Philadelphia v. The Collector,* 72 U.S. (5 Wall.) 720, 18 L.Ed. 614 (1866).

**7.** In our approach to the resolution of the legal issues presented herein, we have eschewed any of the affidavits or any of the facts orally argued, perceiving that were we to do otherwise we would convert what is essentially a motion to dismiss for failure to state a claim upon which relief may be granted, Rule 12(b)(6),

Fed.R.Civ.P., into a motion for summary judgment, Rule 56, which is not here necessary.

**8.** It is well established that the Declaratory Judgment Act confers no jurisdiction, merely granting an additional remedy in cases wherein such jurisdiction already exists. *Skelly Oil Company v. Phillips Petroleum Company,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950); *Nickerson v. United States,* 513 F.2d 31, 33 (1st Cir. 1975) (per curiam).

U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968).

■ Additionally, the instant claims of plaintiff against these defendants is barred by the provisions of Title 26, United States Code, Section 3403, which provides:

> The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

Fairly read, this statute makes clear that while, as we have hereinabove indicated, the employer may be penalized by IRS for failure to pay the tax to it, suits against it by employees for taxes withheld from the pay of such employees are statutorily barred.

It follows that upon any liberal view of the amended complaint herein, such complaint fails to state a claim upon which relief may be granted, Rule 12(b)(6), Fed.R. Civ.P., and the defendants' motion to dismiss is herewith granted.

*3. Conclusion.*

This impersonal machine age has apparently led in part to the computer-spawned reports and facsimile letters (some threatening in tone) forwarded to plaintiff by IRS. His anger thereat is understandable, but his remedy therefor lies not in litigation against the named defendants herein.[9] Based upon our analysis of all factors herein, the plaintiff's motion to remand must be and it is herewith denied, and the defendants' motion to dismiss must be and it is herewith granted.

SO ORDERED.

## APPENDIX

### DEPARTMENT OF THE TREASURY

Internal Revenue Service

26 CFR Parts 31 and 37

[T.D. 7772]

Employment Taxes; Submission of Certain Withholding Certificates

AGENCY: Internal Revenue Service, Treasury.

ACTION: Temporary regulations.

SUMMARY:

This document contains temporary employment tax regulations relating to the submission of certain withholding exemption certificates (Forms W-4). The regulations would provide guidance to employers and employees with respect to the furnishing and honoring of employee withholding exemption certificates. In addition, the text contained in the temporary regulations set forth in this document serves as the text of the proposed regulations cross-referenced in the notice of proposed rulemaking in the Proposed Rules section of this issue of the Federal Register.

DATE:

These temporary regulations are effective with respect to withholding exemption certificates furnished by the employee to the employer after March 19, 1981.

FOR FURTHER INFORMATION CONTACT:

Barry L. Wold of the Legislation and Regulations Division, Office of the Chief Counsel, Internal Revenue Service, 1111 Constitution Avenue NW., Washington, D. C. 20224 (Attention: CC:LR:T) (202–566–3459).

SUPPLEMENTARY INFORMATION:

Background

This document contains temporary employment tax regulations relating to the submission of certain withholding certificates under section 3402(f) of the Internal Revenue Code of 1954. Further, a new

---

**9.** Because of the conclusions herein reached, we do not rule on the defendants' motion to join the Internal Revenue Service and/or the United States as a party defendant. Even were we to rule favorably on such effort, plaintiff would still be relegated to his administrative and refund procedures pursuant to the Internal Revenue Code. *American Association of Commodity Traders v. Department of Treasury,* 598 F.2d 1233 (1st Cir. 1979) (also holding that the Administrative Procedure Act does not support a grant of jurisdiction in cases of this type).

Part 37, Temporary Employment Tax Regulations for Withholding Exemption Certificates, is added by this document to Title 26 of the Code of Federal Regulations. The temporary regulations provided by this document will remain in effect until superseded by final regulations on this subject. These regulations are necessary to ensure uniform enforcement of the statutes relating to withholding of income tax at the source.

General Explanation

Those provisions of this temporary regulation that are not described below are currently provisions of § 31.3402(f)(2)–1(g) and consequently are not included in this general explanation. Since the provisions of § 31.3402(f)(2)–1(g) are included in this temporary regulation, this document deletes the cited paragraph (g).

The temporary regulations provide that the Internal Revenue Service may advise an employer that a named employee is not entitled to claim a status exempting the employee from withholding and is not entitled to claim a total number of withholding exemptions in excess of a number specified by the Service in the notice. The employer shall withhold on the basis of the maximum number specified in the written notice received from the Service unless and until otherwise notified by the Service. The employer shall withhold on the basis of any new certificate filed by the employee only if the certificate does not contain a claim which is inconsistent with the advice earlier furnished by the Service in its written notice to the employer. If the new certificate does make a claim which is inconsistent with the advice contained in the Service's earlier written notice to the employer, the employer shall disregard the new certificate and withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service.

The employee may specify in a written statement any change in circumstances or other justification for the claims made in the new certificate, in which case the employer shall submit the certificate and statement to the Service. The employer must continue to disregard that new certificate (submitted to the Service) unless and until the Service notifies the employer to honor it. In addition, upon prior written notice from the Service, employers are required to submit immediately to the District Director copies of any new withholding exemption certificates required by the regulations to be submitted to the Service and which are received from employees or groups of employees named by the Service in the notice. An employer must also submit to the Service a copy of any written statement received from an employee in support of the employee's claim made on a withholding exemption certificate whenever the employer is required to submit a copy of the certificate itself.

Drafting Information

The principal author of these proposed regulations is Barry L. Wold of the Legislation and Regulations Division of the Office of Chief Counsel, Internal Revenue Service. However, personnel from other offices of the Internal Revenue Service and Treasury Department participated in developing the regulations, on matters of both substance and style.

*Adoption of Amendments to the Regulations*

Accordingly, a new Part 37, Temporary Employment Tax Regulations for Withholding Exemption Certificates, is added to Title 26 of the Code of Federal Regulations, and the following amendments are made to Title 26:

**PART 31—EMPLOYMENT TAXES; APPLICABLE ON OR AFTER JANUARY 1, 1955**

**§ 31.3402(f)(2)–1 [Amended]**

Paragraph 1. Section 31.3402(f)(2)–1 is amended by the removal of paragraph (g) thereof.

**§ 31.3401(e)–1 [Amended]**

Par. 2. The last sentence of paragraph (b) of § 31.3401(e)–1 is amended by removing "§ 31.3402(f)(2)–1(g)" and inserting in lieu thereof "§ 37.3402–1".

## § 31.3402(n)–11 [Amended]

Par. 3. The last sentence preceding Example (1) of § 31.3402(n)–1 is amended by removing "§ 31.3402(f)(2)–1(g)" and inserting in lieu thereof "§ 37.3402–1".

Par. 4. A new Part 37, Temporary Employment Tax Regulations for Withholding Exemption Certificates, is added to Title 26 of the Code of Federal Regulations. Part 37 reads as follows:

## PART 37—TEMPORARY EMPLOYMENT TAX REGULATIONS FOR WITHHOLDING EXEMPTION CERTIFICATES

Sec.

37.3402–1 Submission of certain withholding certificates.

## § 37.3402–1 Submission of certain withholding certificates.

(a) *General rule.* An employer shall submit, in accordance with paragraph (c) of this section, a copy of any withholding exemption certificate, together with a copy of any written statement received from the employee in support of the claims made on the certificate, which is received from the employee during the reporting period (without regard to the date it is effective) if the employee is employed by that employer on the last day of the reporting period and if—

(1) The total number of withholding exemptions (within the meaning of § 3402(f)(1) and the regulations thereunder) claimed on the certificate exceeds 9, or

(2) The certificate indicates that the employee claims a status exempting the employee from withholding, and the exception provided by paragraph (b) of this section does not apply.

(b) *Exception.* A copy of the certificate shall not be submitted under paragraph (a)(2) of this section if the employer reasonably expects, at the time the certificate is received, that the employee's wages (under chapter 24 of the Code) from that employer shall not then usually exceed $200 per week.

(c) *Rules for submission*—(1) *In general.* The reporting period is a calendar quarter. Copies required to be submitted under paragraph (a) of this section shall be submitted at the time and place of filing Form 941 or 941E for the reporting period, or Form 941–M for the last month of the reporting period. Form 941, 941E or 941–M shall be used, in accordance with the instructions for the form, to transmit the copies.

(2) *Option.* At the choice of the employer, copies required to be submitted under paragraph (a) of this section may be submitted earlier and for shorter reporting periods than a calendar quarter. In such case, the employer shall submit the copies to the service center where the employer could file a Form 941 or 941E and shall include with the submission a statement showing the employer's name, address, employer identification number, and the number of copies of withholding exemption certificates submitted. However, in no event shall a copy be submitted later than the time for filing the report required to be submitted for the calendar quarter reporting period under paragraph (c)(1) of this section.

(3) *First report.* The first submission of copies shall include a copy of any certificate required to be submitted under paragraph (u) of this section which is received by the employer on or after April 1, 1980.

(d) *Other withholding exemption certificates.* An employer shall also submit a copy of any currently effective withholding exemption certificate (or make the original certificate available for inspection), together with a copy of any written statement received from the employee in support of the claims made on the certificate, upon written request of the Internal Revenue Service. This request of the Service may relate either to one or more named employees or to one or more named groups of employees. In this regard, the Service may, by written notice, advise the employer that a copy of each new withholding exemption certificate received from one or more named employees, or from one or more named groups of employees, which is required, under this section, to be submitted to the Service is to be submitted to the District Director. The employer shall then submit to the District Director a copy of each such new certificate of each such em-

ployee immediately after the employer receives the new certificate from the named employee.

(e) *Computation of withholding.* (1) Until receipt of written notice from the Internal Revenue Service that a certificate, a copy of which was submitted under this section, is defective, that certificate is effective and the employer shall withhold on the basis of the statements made in that certificate, unless that certificate must be disregarded under the provisions of paragraph (e)(4) of this section. If the Internal Revenue Service finds that a copy of a withholding exemption certificate submitted contains any materially incorrect statement or if, after written request to the employee for verification of the statements on the certificate, the Internal Revenue Service determines that it lacks sufficient information to determine if the certificate is correct, and in either event so notifies the employer in writing, the employer shall then consider the certificate to be defective for purposes of computing amounts of withholding.

(2) The Internal Revenue Service may, as a part of the written notice to the employer, advise the employer of the reasons why it has determined that the certificate is defective. In this regard, the Internal Revenue Service may, based upon its findings, advise the employer that the employee is not entitled to claim a status exempting the employee from withholding and is not entitled to claim a total number of withholding exemptions in excess of a number specified by the Internal Revenue Service in the notice.

(3) The employer shall promptly furnish the employee who filed the defective certificate, if still in his employ, with a copy of the written notice of the Internal Revenue Service with respect to the certificate and may request another withholding exemption certificate from the employee. The employer shall withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service.

(4) If and when the employee does file any new certificate (after an earlier certificate of the employee was considered to be defective), the employer shall withhold on the basis of that new certificate (whenever filed) as currently effective only if the new certificate does not make a claim of exempt status or of a number of withholding exemptions which claim is inconsistent with the advice earlier furnished by the Internal Revenue Service in its written notice to the employer. If any new certificate does make a claim which is inconsistent with the advice contained in the Service's written notice to the employer, then the employer shall disregard the new certificate, shall not submit that new certificate to the Service, and shall continue to withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service. If, however, the employee specifies on such new certificate, or by a written statement attached to that certificate, any circumstances of the employee which have changed since the date of the Service's earlier written notice, or any other circumstances or reasons, as justification or support for the claims made by the employee on the new certificate, the employer must submit a copy of that new certificate and the employee's written statement (if any) to the District Director. The employer shall continue to disregard that new certificate and shall continue to withhold amounts from the employee on the basis of the maximum number specified in the written notice received from the Service unless and until the Internal Revenue Service by written notice (under paragraph (e)(2) of this section) advises the employer to withhold on the basis of that new certificate and revokes its earlier written notice.

(f) *Definition of employer.* For purposes of this section, the term "employer" includes any individual authorized by the employer to receive withholding exemption certificates, to make withholding computations, or to make payroll distributions.

There is a need for immediate guidance with respect to the provisions contained in this Treasury decision. For this reason, it is found impracticable to issue it with notice

and public procedure under subsection (b) of section 553 of title 5 of the United States Code or subject to the effective date limitation of subsection (d) of that section.

(Section 7805 of the Internal Revenue Code of 1954 (68A Stat. 917; 26 U.S.C. 7805))

William E. Williams,

*Acting Commissioner of Internal Revenue.*

Approved: March 11, 1981.

Emil M. Sunley,

*Acting Assistant Secretary of the Treasury.*

[FR Doc. 81–8544 Filed 3–17–81, 10:00 a m]

Billing Code 4830–01–M