**John Anthony, MALAN, Appellant–Plaintiff,**

v.

**Cathy DALMER, Appellee–Defendant.**

**No. 45A03–9904–CV–148.**

Court of Appeals of Indiana.

Jan. 31, 2000.

John Anthony, Malan, Cedar Lake, Indiana, Appellant, Pro Se.

## OPINION

MATTINGLY, Judge

John Anthony, Malan[1] appeals a small claims judgment in favor of Cathy Dalmer, the comptroller of Malan's former employer Scheck Mechanical Corporation, on his

---

1. Malan so punctuates his name in his brief and on various documents included in the record.

complaint of conversion premised on the theory that his employer withheld federal and state income tax from his wages without his authorization. Malan makes two allegations of error on appeal; however, we address *sua sponte* the determinative question whether the trial court had subject matter jurisdiction to entertain his claim concerning federal income tax withholding.[2] We find it did not and vacate the judgment.

### FACTS AND PROCEDURAL HISTORY

For one week in December 1998, Malan worked for Scheck as an electrician at a wage of $25.75 per hour. Upon his hiring, Malan submitted to Dalmer a withholding exemption certificate (Form W–4) and an affidavit in which he claimed complete income tax exemption as he neither had income tax liability for the year 1997 nor expected to have any for 1998. Despite Malan's claim of complete exemption, Scheck withheld $371.56 for federal and state income taxes at the end of the pay period. Malan brought a small claims action against Dalmer for conversion of that portion of his wages withheld. On February 22, 1999, the trial court entered judgment in favor of Dalmer. This appeal followed.

### DISCUSSION AND DECISION

 argues Scheck, by its comptroller Dalmer, committed conversion when it failed to honor his Form W–4 claim of complete exemption from federal income tax. We do not rule on the merits of this claim as we find I.R.C. § 7421(a) removes from courts the ability to consider claims such as Malan's. We do however note, and briefly discuss for purposes of clarification, that Malan's reliance on I.R.C. § 3402(n) as a defense to withhold-

ing is entirely misplaced. Claims by employees against employers to recover federal or state withholding are statutorily barred. I.R.C. § 3403; Ind.Code § 6–3–4–8.

[2] Anti–Injunction provision of the Internal Revenue Code, I.R.C. § 7421(a), prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax ... in any court by any person." This section is strictly enforced. *See Bob Jones Univ. v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Maxfield v. United States Postal Serv.,* 752 F.2d 433, 434 (9th Cir.1984). Its purpose is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Malan's action for conversion against his employer is in essence one to restrain collection (through withholding) of federal income tax. *See Bright v. Bechtel Petroleum, Inc.,* 780 F.2d 766, 770 (9th Cir.1986) (finding Anti–Injunction Act barred employee's breach of contract action against employer for withholding income tax); *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152, 1155 (D.N.H.1981) (finding Act barred employee's conversion action against employer). I.R.C. § 7421(a) prohibits such a restraint and makes clear that any pre-enforcement review by a court of an individual's tax liability is jurisdictionally barred.

[3] our holding today is limited to the jurisdictional issue, we feel compelled to point out that claims such as Malan's are "statutorily barred" because suits by employees to recover income tax withholding are not cognizable. *Edgar v.*

2. At trial, Malan pleaded conversion premised upon the unauthorized withholding by his employer of both federal and state income tax. However, he waives on appeal any argument relating to the state withholding claim as he addresses only the federal withholding issue in his appellate brief. *See Hoehn v. Hoehn,* 716 N.E.2d 479, 482 n. 4 (Ind.Ct.App.1999).

*Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir.1984) (describing employee's suit against employer to recover withheld wages as "yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues"); *Lepucki v. Van Wormer*, 587 F.Supp. 1390, 1393 (N.D.Ind.1984); *Lonsdale v. Smelser*, 553 F.Supp. 259, 260 (N.D.Tex.1982); *Chandler*, 520 F.Supp. at 1156.

█ Every Indiana employer paying wages to employees has a duty to withhold federal and state income taxes from those wages at a rate set by applicable regulation. I.R.C. § 3402 (creating a duty for employers to withhold federal income tax from employees); Ind.Code § 6–3–4–8(a) (imposing an analogous duty on Indiana employers to withhold state income tax). *See also Bright*, 780 F.2d at 770; *Chandler*, 520 F.Supp. at 1153. The sums withheld are considered placed in trust for the federal government, I.R.C. § 7501(a); *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978); *see also* Ind.Code § 6–3–4–8(f) (characterizing state income taxes withheld as in trust for the state), and employees are automatically given a credit for the amount withheld against their individual tax liabilities. I.R.C. § 1462; *see also* Ind.Code § 6–3–4–8(h); *Chandler*, 520 F.Supp. at 1153. Once sums are credited, the employer is liable for those sums only to the government and "shall not be liable to any person for the amount of any such payment." I.R.C. § 3403; Ind.Code § 6–3–4–8(a)(1) ("Such employer making payments of any wages ... shall be liable to the state of Indiana ... and shall not be liable to any individual for the amount deducted from his wages and paid over in compliance or intended compliance with this section...."). As these statutes make clear, an employer is not liable to an employee for that portion of wages withheld as income tax. Thus, suits by employees against employers to reclaim withheld amounts are "statutorily barred." *Bright*, 780 F.2d at 770; *Edgar*, 744 F.2d at 1278; *Lepucki*, 587 F.Supp. at 1393.

█ Additionally, we note Malan's claim that withholding of federal income tax by an employer must be authorized by the employee is without merit. His argument is predicated upon I.R.C. § 3402(n) which he reads as prohibiting an employer from withholding federal income tax when an employee claims exemption on his Form W–4. In fact, I.R.C. § 3402(n) does not provide a taxpayer with the right to be free from withholding and addresses only the relationship between an employer and the Internal Revenue Service. *Pascoe v. I.R.S.*, 580 F.Supp. 649, 654 (E.D.Mich. 1984). Section 3402(n) removes from the employer the burden of determining the validity of an employee's claimed exemption and protects the employer from liability for sums it fails to withhold because an employee has claimed exemption. An employer should submit exemptions and questionable withholding allowances claimed by employees to the I.R.S. in accordance with Treas. Reg. § 31.3402(f)(2)–1(g). The record does not indicate if this was done here and Malan does not argue Scheck failed to comply with the regulation.

### Conclusion

The trial court heard evidence and entered a judgment on the merits of Malan's conversion claim; this was error. The court was without jurisdiction to entertain the merits of Malan's claim as the purpose of his claim was to restrain the assessment or collection of income tax by attacking the propriety of withholding. *See* I.R.C. § 7421(a). We vacate the judgment below as the court lacked subject matter jurisdiction.

SHARPNACK, C.J., and BAKER, J., concur.