RENDERED: OCTOBER 29, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0254-MR

BRADWELL SCOTT CHANEY AND
PIKEVILLE FOOT CARE CENTER,
PLLC                                                                                    APPELLANTS

APPEAL FROM PIKE CIRCUIT COURT
v.          HONORABLE STEVEN D. COMBS, JUDGE
ACTION NO. 18-CI-01152

HEATHER FIELDS                                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Bradwell Scott Chaney and Pikeville Foot Care Center,

PLLC, (collectively, the defendants or the appellants) have appealed from the

January 17, 2020, order of the Pike Circuit Court granting Heather Fields a

judgment in the amount of $17,330.37, plus 6% interest, for funds withheld from

Fields' paycheck and converted to Chaney's benefit. We affirm.

Pikeville Foot Care Center, PLLC, is a business in Pikeville, Kentucky, that is registered with the Kentucky Secretary of State. Bradwell Scott Chaney is the registered agent and manager of the business. Fields worked for the business from 2012 to 2018. During that time, deductions were taken from her paychecks to pay mandatory state and federal payments for employees, including taxes, unemployment, Social Security, and Medicare. But rather than making the required payments, she alleged that Chaney converted the funds to his own use and deprived Fields of her rightful money, which damaged her financially and caused her to file inaccurate federal and state tax forms.

Based upon these factual allegations, Fields filed a complaint with the Pike Circuit Court on October 2, 2018, seeking both compensatory and punitive damages. Fields named both Pikeville Foot Care Center and Chaney as defendants and served the complaint on Chaney both individually and for the business via certified mail at the business address on Trivette Drive. The envelopes containing the copies of the complaint mailed to the Trivette Drive addresses were returned as undeliverable. The defendants subsequently were served via civil summons served on Chaney on October 16, 2018. Chaney, who is not an attorney, filed an answer on behalf of himself and the business on November 2, 2018. He indicated that the correct operating address for the business was on Town Mountain Road. He admitted that Fields had been an employee of the business from February 25, 2013,

through August 10, 2018, where she was paid an hourly wage and standard deductions were withheld from her paycheck. He also indicated that the monthly and quarterly business tax returns were being filed. Chaney did not include a certificate of service in this filing.

On November 6, 2018, Fields moved the court for a default judgment against the defendants as no answer had been filed. The court denied the motion by order entered November 8, 2018, noting that Chaney had filed an answer a few days earlier. The court cautioned Chaney that he could not file anything on behalf of the business going forward, as a licensed attorney was required to make all filings on behalf of a corporation. Fields then filed a notice that she had served discovery requests on the defendants on December 18, 2018. When the defendants failed to respond to the discovery requests, Fields filed a motion to compel on January 28, 2019. By order entered January 31, 2019, the court granted the motion and provided Chaney with 20 days to submit his answers to the discovery requests.

On March 6, 2019, Fields moved the court to strike Chaney's pleadings and sought a summary judgment. She stated that Chaney had filed a procedurally deficient answer without a certificate of service and had not served her counsel. The court had admonished Chaney that he could not act as counsel for Pikeville Foot Care Center, but no answer had ever been filed on behalf of the business. Additionally, no responses to her discovery requests had been filed, even

-3-

after the court provided the defendants with 20 days to file responses. Because the defendants had done nothing to litigate the case, including filing a proper answer to the complaint, Fields moved the court to strike Chaney's pleadings and grant summary judgment as there were no circumstances under which the defendants could prevail. The court scheduled a hearing for April 5, 2019. Chaney, still without an attorney, filed a response to the order scheduling the hearing to state that he was waiting to receive payment records from the revenue service to show that payments had been made. Chaney appeared at the hearing without counsel, where the court considered Fields' motion. The court entered an order on April 19, 2019, granting the motion to strike Chaney's pleadings and entering a summary judgment against both defendants. The court scheduled a hearing for May 24, 2019, to determine damages.

On May 21, 2019, the defendants, now represented by counsel, filed a motion to dismiss the case pursuant to 26 United States Code (U.S.C.) § 3403, which, they argued, prohibited such actions to collect wage payments that have been withheld. After holding a hearing, the court denied the motion to set aside the summary judgment and dismiss the action, and it rescheduled the damages hearing.

The court held the damages hearing in January 2020,[1] and it entered a judgment on January 17, 2020. The court set forth the procedural background of the case and made the following conclusions:

> 1. Pursuant to the Summary Judgment entered by this [c]ourt on April 19, 2019, all allegations as against the Defendants are deemed admitted.
>
> 2. The Defendant, Bradley [sic] Scott Chaney is listed as the Manager of Pikeville Foot Care Center PLLC and appears at all times to be the person responsible for the business activities of Pikeville Foot Care Center PLLC[.]
>
> 3. The Plaintiff was an employee of Pikeville Foot Care Center from approximately 2012 until 2018. During that time the Plaintiff was paid wages and certain deductions were taken from her wages.
>
> 4. The Defendants, Pikeville Foot Care [Center] PLLC and Brandon [sic] Scott Chaney took money from the wages owed the Plaintiff and told her that the money was deducted and used to pay certain mandatory state and federal payments for employees, such as federal taxes, state taxes, unemployment, Social Security and Medicare. However, the Plaintiff learned that none of these payments were made on her behalf.
>
> 5. The Defendants deprived the Plaintiff of money that was rightfully hers, damaging her financially.
>
> 6. The Defendants caused the Plaintiff further damages, causing [her to] file inaccurate federal and state tax forms, which caused penalties and interest to accrue, and amended forms to be filed.

---

[1] The circuit court clerk did not certify a video record in this action, and we note that the defendants did not file a designation of the record.

The court ultimately held that Chaney had "withheld monies from [Fields'] check and converted them to his own benefit." It then awarded Fields a judgment in the amount of $17,330.37 as well as 6% statutory interest until the judgment was paid in full. This appeal now follows.

On appeal, the appellants present two arguments. First, they assert that actions regarding the liability of an employer to deduct and withhold taxes are procedurally barred. Second, they assert that the circuit court lacked jurisdiction to hear the case. We find no merit in these arguments.

The issues raised by the appellants represent questions of law, which we shall review *de novo*. *See Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005) (internal quotation marks and citations omitted) ("In making this decision, the trial court is not required to make any factual findings. Therefore, the question is purely a matter of law. Accordingly, the trial court's decision will be reviewed *de novo*.").

For their first argument, the appellants cite to sections of the Internal Revenue Code and various federal cases to argue that cases such as the one Fields brought are statutorily barred as an employer is not liable to an employee for complying with its legal duty to withhold taxes. They specifically cite to 26 U.S.C. § 3403, which states that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be

liable to any person for the amount of any such payment."  And in *Chandler v.*

*Perini Power Constructors, Inc.*, 520 F. Supp. 1152 (D.N.H. 1981), the United

States District Court in New Hampshire explained:

> With exceptions not here relevant, the Anti-Injunction Act, 26 U.S.C. § 7421(a), prohibits taxpayers in the position of plaintiff from bringing a suit "for the purpose of restraining the assessment or collection of any tax".  The statutory language "could hardly be more explicit", *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S. Ct. 2038, 2046, 40 L. Ed. 2d 496 (1974).  Manifestly, the purpose of the Act "is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."  *Enochs v. Williams Packing and Navigation Co., Inc.*, 370 U.S. 1, 7, 82 S. Ct. 1125, 1129, 8 L. Ed. 2d 292 (1962).  The instant case is clearly one which has been brought for restraining the collection (through withholding) of federal income taxes, and the Court finds it is barred by the provisions of the Anti-Injunction Act.

*Chandler*, 520 F. Supp. at 1155.  The cited statutes and associated cases bar

taxpayers from bringing suit to restrain the withholding of funds by employers

from their paychecks.  That is not at issue in this case.

Fields appropriately argues that this case has nothing to do with

whether the appellants should withhold taxes and other funds from her paycheck;

she expected and wanted that to happen.  Rather, Fields alleged that the appellants

had converted the withheld funds for Chaney's use rather than making the required

payments.  The tort of conversion is defined as "the wrongful exercise of dominion

and control over property of another[,]" *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627 (Ky. App. 1990), and the elements of this tort are as follows:

>(1) the plaintiff had legal title to the converted property;
>
>(2) the plaintiff had possession of the property or the right to possess it at the time of the conversion;
>
>(3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment;
>
>(4) the defendant intended to interfere with the plaintiff's possession;
>
>(5) the plaintiff made some demand for the property's return which the defendant refused;
>
>(6) the defendant's act was the legal cause of the plaintiff's loss of the property; and
>
>(7) the plaintiff suffered damage by the loss of the property.

*C&H Mfg., LLC v. Harlan County Indus. Dev. Auth., Inc.*, 600 S.W.3d 740, 745 (Ky. App. 2020) (emphases omitted) (citing *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014)). We agree with Fields that she met the elements of conversion. Accordingly, we hold that Fields was not statutorily barred from bringing her action for conversion against the appellants.

For their second argument, the appellants assert, without any further explanation, that the circuit court lacked subject matter jurisdiction over the claim. The circuit court certainly had subject matter jurisdiction to decide Fields' common law claim of conversion.

For the foregoing reasons, the judgment of the Pike Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Lawrence R. Webster
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Ron Diddle
Pikeville, Kentucky