Anthony J. SCHERER, Jr., Plaintiff-Appellant,

v.

Kenneth MORROW, Defendant-Appellee.

No. 16661.

United States Court of Appeals
Seventh Circuit.

Sept. 25, 1968.
Certiorari Denied Feb. 24, 1969.
See 89 S.Ct. 868.

Theodore R. Sherwin, Chicago, Ill., for plaintiff-appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., Alan S. Rosenthal, Robert C. Mc-Diarmid, Michael C. Farrar, Asst. Attys. Gen., Dept. of Justice, Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., for defendant-appellee.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and SCHNACKENBERG,* Circuit Judge.

CASTLE, Chief Judge.

Plaintiff brought this action in the Circuit Court of Cook County for damages resulting from alleged slanderous statements made by defendant, a United

* While Judge Schnackenberg participated in the hearing of oral arguments and a conference of the division judges above-named, he died prior to the adoption of this opinion. He was of the view that the judgment order of the district court should be reversed.

States Secret Service agent, outside the scope of his official duties. The action was removed to the District Court, which granted defendant's motion for summary judgment on the ground that there was no genuine issue of material fact as to whether defendant was acting within the scope of his official duties, thus compelling the conclusion that the statements were absolutely privileged.

Defendant's statements were made during a normal question and answer period following an assigned lecture to police cadets regarding the operations of the Secret Service in protecting the President of the United States. The alleged statements—that plaintiff was a "nut" and that the Secret Service had dismantled a cannon plaintiff had pointed at O'Hare Field the day President Johnson came to Chicago in 1964—were made only in response to a question of one of the cadets and only for the purpose of using a pertinent local incident to demonstrate the functions of the Secret Service. The record indicates, as the District Court found, that since plaintiff possessed a "large collection of dangerous arms, including a 25 m.m. cannon," he was among those persons who might pose a danger to the President, concerning whose protection defendant was lecturing, and therefore defendant was acting within the outer perimeter of his line of duty in answering the question regarding the Secret Service's action toward plaintiff.

A federal official cannot be held personally liable for acts committed within the outer perimeter of the official's line of duty. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). To be within that perimeter, and therefore absolutely privileged, "[I]t is only necessary that the action bear some reasonable relation to and connection with the duties and responsibilities of the official." Scherer v. Brennan, 379 F.2d 609, 611 (7th Cir. 1967). We hold that defendant's actions in the instant case were absolutely privileged as being within the outer perimeter of his line of duty. The judgment below is therefore affirmed.

Affirmed.