**Amy Adele BENNER, a minor By Donald G. BENNER, her father and next friend, Donald G. Benner and Mary Lou Benner, Plaintiffs,**

v.

**Harold H. NEGLEY, Commission on General Education of the Indiana State Board of Education, Shirley Bryan, Ray Green, Richard Miller, Jeannette Moeller, Randall Tucker, Robert Williams, Division of Special Education of the Indiana State Board of Education, Gilbert Bliton, Gerald Wagner, Department of Mental Health, William E. Murray, Richard C. McNabb, Indiana Protection and Advocacy Service for the Developmentally Disabled, Patricia Allen, Cooperative School Services, Bernard E. Hannon, South Newton School Corporation, Kedrick E. Fisher, Defendants.**

Civ. No. L81–29.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 14, 1983.

J.T. Seeger and Robert L. Bauman, Lafayette, Ind., for plaintiffs.

David Michael Wallman, Deputy State Atty. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the Court on defendants' motion for the award of attorneys' fees. Both parties have submitted memoranda in support of or in opposition to the motion. Because the underlying facts in this case were set forth at length in this Court's Memorandum of Decision and Order dated December 1, 1982, they will be recapitulated only briefly here.

Amy Adele Benner, the plaintiffs' fourteen year old daughter, is a multiply handicapped child suffering from cerebral palsy, mental retardation, microcephaly, and a left esotropia (a condition in which only one eye fixes on an object while the other turns inward). The defendants are various state and local education and health officials. In their complaint, plaintiffs alleged that Amy had been deprived of her right to a free and appropriate public school education because of the defendants' actions. Plaintiffs grounded their cause of action on Section 1415 of the Education of All Handicapped Children Act (EAHCA), 20 U.S.C. § 1401 *et seq.*, and the Constitution of the United States. In their prayer for relief, plaintiffs sought both compensatory and punitive damages, as well as attorneys' fees and costs of the action.

On November 29, 1982, this Court granted defendants' motion for summary judgment. Among other things, this Court found that the EAHCA does not, absent a clear showing of exceptional circumstances, provided a private cause of action for damages; that the plaintiffs had failed to comply with the statutory requirements of the EAHCA for filing suit; that the plaintiffs had failed to allege or prove either bad faith on the part of the defendants, or that Amy's health was in jeopardy; and that the plaintiffs had failed to exhaust their available state administrative remedies. Additionally, this Court noted that the plaintiffs had filed an action in state court based on the same facts as those alleged in this case which sought essentially identical relief. That case was dismissed by the state court with prejudice pursuant to a joint stipulation of dismissal under Rule 41(A)(1)(b) of the Indiana Rules of Trial Procedure. Because the plaintiffs would be barred from relitigating that matter in state court under Rules 41(F) and 60(B) of the Indiana Rules of Trial Procedure, this Court held that it was effectively precluded from relitigating the case under the principles enunciated in *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

In support of their motion for the award of attorneys' fees, defendants argue that the Seventh Circuit's decision in *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), coupled with the plaintiffs' testimony in their depositions taken by the defendants, left no room for doubt that the continued prosecution by plaintiffs of this action could only be construed as frivolous and malicious. Counsel for defendants communicated the above to counsel for the plaintiffs' by letter dated November 18, 1981, requesting that plaintiffs voluntarily dismiss the damages claims. Defendants' counsel further declared in the letter that, if plaintiffs refused to drop the damages claims, defendants would seek restitution of attorneys' fees for the amount of time expended by defendants' counsel in researching, briefing, and arguing the damage issues. Plaintiffs made no response to the defendants' letter. Counsel for defendants then telephoned the

plaintiffs' attorney, reiterating the position outlined in his letter of November 18, 1981. Defendants' attorney was informed by plaintiffs' counsel that plaintiffs had no intention of dismissing the damages claims.

Plaintiffs argue in opposition to the defendants' motion for the award of attorneys' fees that there exists no statutory authority for such an award under the EAHCA, and that 42 U.S.C. §§ 1983 and 1988 are inapplicable to the case at bar.

Any question concerning the propriety of awarding attorneys' fees to the prevailing party must begin with *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In that case, involving an award of attorneys' fees to prevailing defendants in a Title VII action, the Supreme Court refused to adopt a bad faith requirement for the awarding of attorneys fees.

> [T]he term "meritless" is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case, and the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

434 U.S. at 421, 98 S.Ct. at 700. The test, therefore, is that

> a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

434 U.S. at 422, 98 S.Ct. at 700. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974) (quoting with approval *Fleischmann Distilling Corp., v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *see also Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (attorneys' fees may be assessed against losing counsel who wilfully abuse the judicial process); *McCandless v. The Great Atlantic and Pacific Tea Co., Inc.,* 697 F.2d 198 (7th Cir.1983) (same). The criteria announced in *Christiansburg Garment* were reiterated in 1980 in the per curiam opinion of *Huges v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), wherein the Court defined "meritless" as "groundless or without foundation." 449 U.S. at 14, 101 S.Ct. at 178.

While it is clear from the above that a district court is generally empowered to award attorneys' fees to a prevailing defendant, the presumption in favor of awarding *costs* to the prevailing party does not apply with equal force to an award of fees to that same party. Thus, absent some limited exceptions not applicable here, attorneys fees may not be awarded a winning defendant unless a statute expressly so provides. Mermin, Law and the Legal System 367 n. 31 (2d ed. 1982). The reasons for this, while not altogether clear, are largely historical.

In some early forms of actions at common law, the taxation of costs in favor of the prevailing plaintiff was routinely considered and included by the court in the amount of damages awarded. III Blackstone, Commentaries on the Laws of England 399 and Appendix, XXVI (1768). However, the ultimate authority requisite for the awarding of costs to a prevailing *defendant* was exclusively statutory in origin. *Id.;* 2 Pollock & Maitland, The History of English Law 597 (2d ed., 1898). Further, attorneys' fees were not considered to be a legitimate part of the costs of an action at common law. This was due no doubt to the general perception of the bar-

rister's fee as an honorarium, a gratuity offered by the client to which the barrister could claim no right and for which he could not sue without bringing disgrace to himself and his profession. III Blackstone, Commentaries on the Laws of England 28 (1768); see also Trai Le, "The French Legal Profession: A Prisoner of its Glorious Past?," 15 Cornell Int'l.L.Rev. 63 (1982) (similar history as to the French *avocat*).

The view that attorneys' fees could be assessed, in addition to costs, against a losing party has therefore only slowly emerged in American jurisprudence. Thus, it should come as no surprise that attorneys' fees may not ordinarily be awarded a prevailing party, particularly a successful defendant, in the absence of an express statutory provision. *Mermin, supra; see also* Cubita, Lichtman & Rubino, "The award of Attorneys' Fees in the Federal Courts" 56 St. John's L.Rev. 277 (1982). The pivotal issue before this Court in the case presently before it, then, is whether there exists the requisite statutory authority for the award of attorneys' fees to the prevailing defendant under the EAHCA (20 U.S.C. § 1401 *et seq.*).

Nowhere in 20 U.S.C. § 1401 *et seq.* is a prevailing party, plaintiff or defendant, specifically authorized an award of attorneys' fees. *Anderson v. Thompson*, 658 F.2d 1205 (7th Cir.1981). Defendants implicitly conceded as much by their failure to address the point in their memorandum in support of the motion for the award of attorneys' fees. However, by virtue of plaintiffs' having raised the issue of attorneys' fees under 42 U.S.C. § 1988 because their complaint allegedly sounded in a civil rights cause of action pursuant to 42 U.S.C. § 1983,[1] this Court must address itself to the question of whether an award of attorneys' fees will lie under § 1988.

■ 42 U.S.C. § 1988 authorizes the award of attorneys' fees to the prevailing party in an action brought under 42 U.S.C.

§ 1983. *Harrington v. DeVito*, 656 F.2d 264 (7th Cir.1981); *Muscare v. Quinn*, 614 F.2d 577 (7th Cir.1980). The decision whether to award attorneys' fees under 42 U.S.C. § 1988 rests within the sound discretion of the trial court. *Harrington v. DeVito, supra; Muscare v. Quinn, supra; Konczak v. Tyrrell*, 603 F.2d 13 (7th Cir.1979), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 668, 62 L.Ed.2d 646 (1980). Even so, the discretion of the district court is not unfettered, and the court must set forth its reasons for granting an award of attorneys' fees to the prevailing party under 42 U.S.C. § 1988. *Freeman v. Franzen*, 695 F.2d 485 (7th Cir. 1982).

In this case, the defendants argue that the holdings of *Stemple v. Board of Education*, 623 F.2d 893 (4th Cir.1980), *cert. denied,* 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981) and *Anderson v. Thompson*, 658 F.2d 1205 (7th Cir.1981) dealt a fatal one-two punch to the damages claims asserted by the plaintiffs in their case. After a careful reading of those two decisions and the subsequent cases construing them, this Court concurs in the defendants' assessment of the holdings of the two cases and finds the plaintiffs' attempts to distinguish them to be without merit.

■ In *Werch v. City of Berlin*, 673 F.2d 192 (7th Cir.1982), the Court declared that where the case law was established on a particular matter in this Circuit, a plaintiff's continued litigation on that point rendered the claim "meritless." 673 F.2d at 195. Such is clearly the case here. Contrary to plaintiffs' vigorous assertions that *Anderson* does not stand for what it says, it is clear that plaintiffs, continued litigation on their damages claims (after having been admonished by the defendants not to do so because of the holdings in *Anderson* and *Stemple*) rendered the damages issue meritless. Further, the fact that plaintiffs had already had a nearly identical case dismissed with prejudice in state court, had

---

1. Plaintiffs raised the issue of a claim under 42 U.S.C. § 1983 and a demand for attorneys' fees under 42 U.S.C. § 1988 in their Memorandum in Opposition to [Defendants'] Motion for Sum-

mary Judgment. This Court finds the plaintiffs' attempts at trivializing the defendants' arguments concerning the §§ 1983 and 1988 question to be disingenuous.

failed to exhaust available state administrative remedies, and had failed to plead or show any bad faith on the part of the defendants or that their daughter's health was in danger, as required under the EAHCA and *Anderson,* leads this Court inexorably to the conclusion that that portion of their complaint seeking damages was meritless and pursued in a vexatious manner. Thus, while this Court is ordinarily loath to impose liability for attorneys' fees on a losing plaintiff in an action purportedly brought pursuant to the Civil Rights Act, *see Larson v. Wind,* 548 F.Supp. 479 (N.D. Ill.1982), this Court feels strongly that an assessment of that portion of the defendants' costs incurred as attorneys' fees related to the researching, briefing, and arguing of the damages issue would be warranted under the facts of this case.

However, the holding of the Court in *Anderson v. Thompson, supra,* is binding authority on this Court. The essence of the Seventh Circuit's opinion therein is that the EAHCA was intended by Congress to be an exclusive remedy that does not provide for the award of attorneys' fees and, as an exclusive remedy, will not tolerate such an award under § 1988 arising out of a putative civil rights claim based on § 1983. 658 F.2d at 1217. This harsh and, in this case at least, unfortunate result is an outgrowth of the common law's historical discouragement of an award of attorneys' fees to a prevailing defendant absent express statutory authority.[2] While this Court deplores the lack of even a limited exception to the above stated rule, such as would permit an award of attorneys' fees where, as here, the plaintiffs have litigated in what can only be termed bad faith, it is not for this Court to carve out an exception to the rule.

Accordingly, defendants' motion for the award of attorneys' fees is hereby DENIED.

SO ORDERED.

---

**2.** A recent study indicates that there are perhaps no more than seventy-five federal statutes expressly authorizing an award of attorneys' fees to a prevailing party. *See* Note, 80 Colum. L.Rev. 346, 348 n. 20 (1980).