**Jane DOE, on Behalf of her minor son, Dennis DOE, individually and on behalf of all persons similarly situated, Plaintiff-Appellant,**

v.

**Kenneth J. KOGER, et al., Defendants-Appellees.**

**No. 82–1805.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1982.

Decided June 16, 1983.

Ivan E. Bodensteiner, Legal Service Program of Northern Indiana, Valparaiso, Ind., for plaintiff-appellant.

David M. Wallman, Deputy Gen. Atty., Indianapolis, Ind., and James J. Olson, Schindler & Olson, Mishawaka, Ind., for defendants-appellees.

1. 20 U.S.C. § 1401 et seq.

2. 29 U.S.C. § 794.

Before WOOD and ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

The only issue is the denial of attorneys' fees to plaintiff in an otherwise concluded suit brought as a class action on behalf of special education students.

Plaintiff alleged that the defendant school officials' practice and policy of expelling special education students for disciplinary reasons violated the Fourteenth Amendment of the United States Constitution, the Education of All Handicapped Children Act (EAHCA),[1] and the Rehabilitation Act of 1973.[2]

After the complaint was amended and discovery completed, plaintiff and defendants moved for summary judgment or to dismiss. In a Memorandum and Order[3], the trial court denied plaintiff's motion for class certification, denied defendants' motions to dismiss and for summary judgment, granted plaintiff's motion for partial summary judgment as to the EAHCA claim, but denied summary judgment on her constitutional claim. The claim under the Rehabilitation Act was not addressed. Shortly thereafter the parties entered into stipulated settlements under which the state defendants agreed to take all steps necessary to amend the relevant state regulations to reflect the agreement's proposed revision of the existing rule. The damage claim against the local defendants was also settled. The only issue reserved by the parties for resolution by the court was plaintiff's claimed entitlement to attorneys' fees. About a year later, plaintiff raised the attorneys' fees issue before the court.

The district judge considered and, on April 23, 1982, denied the claim for attorneys' fees. No provision was found in EAHCA for attorneys' fees. Relying on *Anderson v. Thompson*, 658 F.2d 1205 (7th Cir.1981), the district judge held that an

3. *Doe v. Koger*, 480 F.Supp. 225 (N.D.Ind. 1979).

EAHCA action is not cognizable under 42 U.S.C. § 1983, and therefore attorneys' fees would not be allowed under 42 U.S.C. § 1988. Since the court found defendants guilty of no constitutional violation, no attorneys' fees were allowed under 42 U.S.C. § 1988 for that claim. Finally, since the court did not reach the claim under the Rehabilitation Act of 1973, no attorneys' fees were awarded under 29 U.S.C. § 749a(b). From that order plaintiff appeals.

The facts which give rise to this attorneys' fees controversy are undisputed and may be summarized briefly. Plaintiff's son, a special education student, was attending school for the 1978–79 school year. In September 1978 a conference was held concerning the son's alleged disruptive behavior, but no action was taken until October 1978 when the principal of the school suspended him and recommended expulsion for the remainder of the school year. After an expulsion hearing in November 1978, three city school officials issued their "findings and recommendations" supporting the expulsion recommendation. The city superintendent of schools concurred and plaintiff's son was expelled for the remainder of the school year. Plaintiff claimed that the expulsion of her son was accomplished pursuant to the regular disciplinary procedures rather than in accordance with federally required placement procedures for special education students. The plaintiff challenged both the expulsion and the procedure by which her son was expelled. She pursued no further local or state administrative remedies before filing this suit.

As explained by the district court, 20 U.S.C. § 1415 and its accompanying regulations[4] neither provide for nor prohibit the expulsion of handicapped children. 480 F.Supp. at 229. The district court, however, ruled that while expulsion is available for both the normal and the handicapped child, a handicapped child may not be expelled without a determination, in accordance with EAHCA procedures, of whether the handicap is the cause of the child's propensity to disrupt and whether the

child's propensity to disrupt is the result of inappropriate placement. The district court found no such state or local determination was made and reserved the question of damages for trial. The settlement of the parties followed, disposing of all issues except attorneys' fees.

EAHCA contains no provision for attorneys' fees, and plaintiff has made no claim for attorneys' fees under that Act. The only claim for attorney's fees which plaintiff alleged in the complaint and sought to preserve in the stipulated settlements was pursuant to 42 U.S.C. § 1988. The final order of the trial court approving the stipulated settlements also reserved only the limited attorneys' fees issue. Subsequently, however, when the fee issue was raised before the district court, plaintiff sought to expand the justification for fees. Plaintiff argued that the relief she obtained under EAHCA was also available under the Rehabilitation Act of 1973, *S–1 v. Turlington,* 635 F.2d 342 (5th Cir.), *cert. denied,* 454 U.S. 1030, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981), and therefore she was entitled to attorneys' fees under 29 U.S.C. § 794a(b). It is now too late for plaintiff to inject that theory into the case. The stipulations and final order limited the claim to fees under 42 U.S.C. § 1988. The district court did not reach the allegations under the Rehabilitation Act of 1973 before the settlements were made.

A more difficult question arises as to whether 42 U.S.C. § 1983 must or may be utilized to enforce state and local compliance with EAHCA's requirements for establishing certain administrative procedures for resolving educational placement issues. If section 1983 is available, then it might follow that the fee provisions of 42 U.S.C. § 1988 would be applicable.

The defendants rely, as did the trial court, on *Anderson* which held that the judicial remedy created in EAHCA was exclusive and was not cognizable under 42 U.S.C. § 1983, 658 F.2d at 1217, with two possible exceptions which relate to damages

4. 46 C.F.R. §§ 121a.1–121a.754.

and are not applicable here. 658 F.2d at 1213–14. Therefore, defendants argue, *Anderson* rules out any use of section 1983 as a conduit to attorneys' fees under section 1988. Plaintiff distinguishes *Anderson* on the basis that in *Anderson* there was an appropriate state administrative procedure for making the placement decision which, in turn, was subject to judicial review under section 1415(e)(2) of EAHCA. In the present case the attack is upon the administrative procedures themselves, not just the administrative result reached under them. Since plaintiff claims there was no state or local administrative remedy adequate for her purpose, she claims any effort to obtain administrative relief would have been futile, leaving nothing to "review" under section 1415(e)(2). Thus, plaintiff contends she necessarily had to rely on 42 U.S.C. § 1983 for relief.

The defendants respond that there were two state administrative avenues open to plaintiff providing complaint and hearing procedures with state administrative review which could have been used to challenge the expulsion.[5] The state settlement, however, resulted in an amendment to those regulations which established an administrative procedure designed specifically for dealing with handicapped and special education students who cause disciplinary problems.[6] The district court disputed the state's interpretation of its regulations and found that the regulations only provided for consideration of the merits of particular cases and afforded no opportunity to challenge the procedures themselves, the principle thrust of the present case.

To support her theory, plaintiff relies on *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), which held that a plaintiff could use 42 U.S.C. § 1983 to challenge a rule used in computing aid to families with dependent children, and after prevailing would be entitled to attorneys' fees under 42 U.S.C. § 1988. Even though *Anderson* held there was no need to resort to 42 U.S.C. § 1983 in enforcing rights under EAHCA, plaintiff argues that the procedural issues bring the present case within the rationale of *Maine v. Thiboutot*.

Plaintiff's argument is not without some appeal, but EAHCA must be examined to determine if its provisions are themselves sufficient for filing this kind of suit without outside statutory help from 42 U.S.C. § 1983. Since the Social Security Act afforded no private cause of action against a state, the Court in *Maine v. Thiboutot* found that 42 U.S.C. § 1983 necessarily became the exclusive statutory remedy. In *Pennhurst State School & Hospital v. Halderman*, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), the Court expressly limited *Thiboutot* by stating that § 1983 would not apply where the "governing statute provides an exclusive remedy for violations of the Act." *Id.* at 28, 101 S.Ct. at 1545 (quoting *Thiboutot*, 448 U.S. at 22 n. 11, 100 S.Ct. at 2514 n. 11 (J. Powell, dissenting)); *accord Middlesex County Sewerage Authority v. National Sea Clammers Ass'n.*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) (no private cause of action under § 1983 where statutes contained comprehensive enforcement mechanisms).

Section 1415 of EAHCA is concerned with procedural safeguards. It dictates that state and local educational units receiving federal assistance shall establish and maintain certain minimum procedures.[7] The Act gives parents the right to receive prior written notice if the educational unit proposes to initiate or change the placement of the child, as well as the right to initiate complaints themselves about those matters.[8] When a complaint is filed, an impartial due process hearing is to follow[9] in which parties are entitled to have their counsel present.[10] State administrative review is available,[11] and the administrative decision

---

5. The state administrative regulations are designated as 510 I.A.C. 7–1–7 and 510 I.A.C. 7–1–3(G).

6. The amendment is 510 I.A.C. 7–1–3(j) (1981).

7. 20 U.S.C. § 1415(a).

8. 20 U.S.C. § 1415(b)(1)(C) and (E).

9. 20 U.S.C. § 1415(b)(2).

10. 20 U.S.C. § 1415(d).

11. 20 U.S.C. § 1415(c).

is considered final except that any party may bring a civil action in either state or federal court.[12] The court shall receive the records of the administrative proceedings, but may also hear additional evidence in contrast to merely strict administrative review. The court's decision shall be based on the preponderance of the evidence and "shall grant such relief as the court determines is appropriate." [13] The statute further provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(e) without regard to the amount in controversy.[14]

The Supreme Court in a recent case, *Board of Education of the Hendrick Hudson Central School District v. Rowley,* —— U.S. ——, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), discusses EAHCA for the first time. The Court notes that parents are permitted to bring a civil action in the district court about any matter relating to the child's evaluation and education and that the court is authorized to grant "such relief as the court determines is appropriate." *Id.* at 3050 (quoting 20 U.S.C. § 1415(e)(2)). That language, the Court says, "cannot be read without reference to the obligations, largely procedural in nature, which are imposed" upon the States. *Id.* at 3051. The court's first inquiry should be to satisfy itself that the State has adopted the policies and assurances required by the Act (*id.* at 3051 n. 27), and that the requirements of the Act have been met (*id.* at 3051). Given this interpretation, section 1415(e) serves plaintiff's purposes in the present case.

█ A reading of the broad provisions of EAHCA in light of the Supreme Court's interpretation inevitably leads to the conclusion that EAHCA itself meets all a parent's needs to assure their children receipt of the benefits of the Act, whether the complaint raises only an *Anderson* issue, or, as in this case, attacks the procedures them-selves. EAHCA gives the district court jurisdiction to grant appropriate relief and that is all that is necessary to bring any deficient state procedures into conformity with the Act.[15]

Plaintiff by stipulation prevailed in achieving some clarification or improvement of state procedures applicable to students with disciplinary problems which may be expected to benefit all others who may be similarly situated. There is, therefore, some justification in offering assistance to plaintiff for her attorneys' fees even though it would be contrary to the general American rule. Part of the purpose of plaintiff's lawsuit, we assume the compelling one, was to secure appropriate consideration of her son's needs. That success alone must have been worth her effort and expense. Congress has not seen fit to provide more.

Since section 1983 was superfluous to plaintiff's relief, it cannot be utilized for attorneys' fees under section 1988. We decide nothing more in this case than that plaintiff is not entitled to attorneys' fees. Although this case is not fully controlled by *Anderson,* as believed by the district court which did not have the benefit of the later cases, the district court is affirmed for the foregoing reasons.

AFFIRMED.

---

12. 20 U.S.C. § 1415(e)(1).

13. 20 U.S.C. § 1415(e)(2).

14. 20 U.S.C. § 1415(e)(4).

15. In another recent case in the First Circuit, *Smith v. Cumberland School Committee,* 703 F.2d 4 (1st Cir.1983), the court, after viewing EAHCA's comprehensive procedures, as we have briefly, concluded that it could "not see how the singular omission of any provision for attorneys' fees can be rectified by recourse to section 1988" (at 8). One of the charges in *Smith* was that the hearings provided by the state did not comply with the due process provisions of EAHCA.