**Amy Adele BENNER, a minor, et al.,**
**Plaintiffs-Appellees,**

v.

**Harold H. NEGLEY, et al.,**
**Defendants-Appellants.**

No. 83–1450.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 4, 1983.

Decided Jan. 19, 1984.

David Michael Wallman, Deputy Atty. Gen. of Ind., Indianapolis, Ind., for defendants-appellants.

Jay T. Seeger, Heide, Gambs & Mucker, LaFayette, Ind., for plaintiffs-appellees.

Before WOOD, POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In *Doe v. Koger,* 710 F.2d 1209 (7th Cir. 1983), this court reaffirmed the proposition that prevailing plaintiffs are not entitled to attorneys' fees under section 615 of the Education of the Handicapped Act of 1975, 20 U.S.C. § 1415 (1982) (EHA), because EHA, which makes no provision for attorneys' fees, provides the exclusive remedy for claims concerning school placement decisions affecting handicapped children. This appeal raises a related issue: whether prevailing defendants are entitled to attorneys' fees in an action cognizable only under EHA. The district court held that the appellants were not so entitled, and we affirm, although for reasons different from those of the district court.

### I.

The appellees, plaintiffs below, filed their complaint on June 11, 1981. In the complaint they alleged that the appellants, various Indiana state and local agencies and officials responsible for education and mental health, had denied their daughter a free, appropriate, public education. Jurisdiction was alleged pursuant to 28 U.S.C. §§ 1331 and 1343 and section 615 of EHA. The appellees sought damages and also sought attorneys' fees pursuant to 42 U.S.C. § 1988.

The appellants subsequently answered, and the parties submitted discovery requests and responses. The appellants then moved for summary judgment. The district court granted the motion, holding (1)

that EHA did not provide a private cause of action for damages; (2) that the appellees had failed to comply with EHA's statutory requirements by removing their daughter from her current educational placement before completing the administrative remedies available under EHA; (3) that the appellees had not exhausted available administrative procedures; and (4) that the appellees' claim was barred by *res judicata.*

The appellants next filed a motion for award of attorneys' fees pursuant to 42 U.S.C. § 1988.[1] The appellants argued that the appellees' claim for damages became meritless after this court's decision in *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), and that the appellants were therefore entitled to attorneys' fees for efforts expended after the *Anderson* decision in prosecuting their motion for summary judgment.

The district court denied the appellants' motion for fees, holding that *Anderson* barred a fee award to any prevailing party, either plaintiff or defendant.[2] Notwithstanding this disposition, the district court suggested that the appellees had litigated in bad faith: (1) by pursuing their claim after this court's decision in *Anderson* and the Fourth Circuit's decision in *Stemple v. Board of Education,* 623 F.2d 893 (4th Cir. 1980), *cert. denied,* 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981); (2) by failing to exhaust state administrative remedies; (3) by failing to plead or show bad faith by the appellants or danger to their daughter's health;[3] and (4) by filing this action after

1. It is ironic that the appellants based their claim for fees upon § 1988 since in their motion for summary judgment they argued that EHA is the exclusive remedy for the claims raised by the appellees, thus displacing 42 U.S.C. § 1983 and its companion § 1988. In *Doe v. Koger,* this court held that EHA supercedes section 1983 in claims arising from school placement decisions involving handicapped children, and thus § 1988 cannot support an award of fees to either party. 710 F.2d at 1211–13.

    The appellants argue that the appellees raised § 1983 in their response in opposition to the appellants' motion to dismiss and thus opened the door to imposition of attorneys' fees pursuant to § 1988. Curiously, the appellees'

response referred to by the appellants is not included in the record on appeal. The appellants' argument is nevertheless meritless. The appellees' complaint asserts jurisdiction under, *inter alia,* § 615 of EHA, 20 U.S.C. § 1415. *Doe v. Koger* holds that EHA displaces § 1983 in this type of case; therefore, as a matter of law, the appellants cannot assert entitlement to fees under § 1988. That the appellees cited to an irrelevant statute in no way changes this result.

2. *See Benner v. Negley,* 556 F.Supp. 749 (N.D. Ind.1983).

3. The second and third indications of appellees' bad faith cited by the district court concern

an almost identical action had been dismissed with prejudice in state court. The appellants filed a timely notice of appeal.

In addition to the procedural history described above, the factual setting from which this action arose must also be briefly summarized to establish a context for the issues raised by this appeal. The appellees Donald G. Benner and Mary Lou Benner (the Benners), are the parents of plaintiff Amy Benner. Amy is a child with multiple handicaps. The appellees allege and the appellants concede that, prior to May 1978, Amy was a student in the special education program at Goodland Elementary School in South Newton, Indiana. The district court found that a case conference was held on August 7, 1978, to review Amy's continued placement at Goodland. The conference had been requested by the Benners who, the district court found, desired to place Amy in a residential program. As a result of this conference, an independent evaluation of Amy was performed. The evaluation concluded that "it would be in Amy's best interest" if Amy were placed in a residential program. The district court noted that this evaluation did not conclude that Amy was in need of a residential placement, but rather it concluded only that Amy could benefit from such a placement.

The district court then found that, after only beginning the administrative procedures to determine an appropriate educational placement for Amy, her parents removed Amy from her educational placement at Goodland and enrolled her in a residential placement, where she remained while subsequent administrative proceedings were conducted.

Finally, we present some additional facts contained in the record, with respect to which the district court made no findings. In doing so, we read the facts in the light most favorable to the appellees.[4] Amy's parents continued to pursue administrative remedies both before and after they removed her from her educational placement at Goodland. The appellees allege and the appellants South Newton School Corporation and Kedrick E. Fisher concede that an evaluation was conducted by the appellant Division of Special Education which suggested that Amy's educational placement at Goodland was inadequate. The parties remained unable to agree upon a placement for Amy, and the Benners continued to press their appeal.

On or about January 17, 1980, the Benners filed a petition in the Circuit Court of Newton County to review the decision of the appellant Commission on General Education of the Indiana State Board of Education; the Commission had upheld a recommendation of the appellant Division of Special Education, Indiana State Board of Education, that Amy be placed at Northern Indiana State Hospital (NISH). After a change in venue the parties agreed to a settlement whereby the Division of Special Education would reconsider an application for residential placement. Pursuant to this settlement the state court action was dismissed with prejudice. Special Education denied the application, concluding that NISH was an appropriate placement. Plaintiffs were then informed that placement at NISH was not available, and this action ensued.

## II.

In *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), and more recently in *Doe v. Koger,* 710 F.2d 1209 (7th Cir.1983), this court held that EHA provides the exclusive means to challenge school placement decisions, and that attorneys' fees are not avail-

exceptions to the general rule of *Anderson* that damages are not available in an action claiming a violation of EHA. *See Anderson v. Thompson,* 658 F.2d at 1210–11.

**4.** The standard set forth in the text is the standard applied in reviewing the grant of a motion for summary judgment. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d

§ 2716 (1983). While the appellees did not cross-appeal the grant of the appellants' motion for summary judgment, it is necessary for us to examine the factual findings made by the district court when it entered summary judgment in the appellants' favor. Given this posture, the standard of review set out in the text is the most appropriate.

able to prevailing plaintiffs in such cases because EHA displaces claims under 42 U.S.C. §§ 1983 and 1988 and because EHA itself includes no provision for attorneys' fees. The district court relied on *Anderson* to hold that prevailing defendants were also not entitled to an award of fees under EHA. While we hold that the district court misread the restrictions that *Anderson* places on a district court's ability to award attorneys' fees, we nevertheless affirm the denial of fees because the district court's finding that the appellees litigated in bad faith, a necessary predicate to awarding fees under the court's equitable power, was clearly erroneous.

### A.

◼ The American rule concerning attorneys' fees is that fees generally are not awarded absent statutory authorization. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 269, 95 S.Ct. 1612, 1627, 44 L.Ed.2d 141 (1975). In denying the appellants' motion for fees, the district court relied on this rule and on the holding in *Anderson* that EHA does not authorize an award of fees. There are exceptions to the American rule, however, which permit an award of attorneys' fees in the absence of statutory authorization. *Alyeska Pipeline,* 421 U.S. at 257–59, 95 S.Ct. at 1621–22. The exception relevant to this case is that a district court may award fees when the losing litigant has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 258–59, 95 S.Ct. at 1622. Thus, fees can be awarded to a winning defendant. *See Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 419, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978).[5] If the district court's finding that the appellees litigated in bad faith was correct, then the district court did have the inherent authority to award attorneys' fees to the appellant. We now examine the propriety of that finding.

### B.

◼ This court recently defined bad faith as conduct "without at least a colorable basis in law." *Analytica, Inc. v. NPD Research, Inc.,* 708 F.2d 1263, 1269 (7th Cir. 1983). The district court in this case based its finding that the appellees litigated in bad faith on three subsidiary findings: (1) that the appellees pursued their claim after *Anderson* and *Stemple v. Board of Education,* 623 F.2d 893 (4th Cir.1980), *cert. denied,* 450 U.S. 911, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981), effectively foreclosed the relief they sought; (2) that they failed to plead or show the applicability of either of the exceptions to *Anderson*'s general rule that damages are not available in an action brought pursuant to EHA; and (3) that the appellees filed this action after an almost identical action in state court had been dismissed with prejudice. We examine each of these subsidiary findings in turn.

In *Anderson* this court held that, absent special circumstances, damages are not an appropriate remedy under EHA. 658 F.2d at 1210–11. Two special circumstances were given: if the child's physical health was endangered by the child's current placement, or if the defendant acted in bad faith. *Id.* at 1213–14. *Anderson* therefore does not present a complete bar to the appellees' claim, and pursuit of their claim after the decision in *Anderson* could not for that reason alone amount to bad faith. We also disagree with the district court's conclusion that the appellees litigated in bad faith because they failed to allege or show that their claim would fit under one of the exceptions to *Anderson*'s general rule barring damages. While the complaint is not a model of clarity, it does allege facts which could support a finding that the appellants had acted in bad faith. The complaint alleges that the appellants continued to refuse to provide a residential placement for

---

5. The appellants attempt to ground their claim for fees upon the Supreme Court's decision in *Christianburg. Christianburg,* however, explicitly concerns an award of fees to a prevailing defendant pursuant to § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). 434 U.S. at 421. Because this case concerns the power of a district court to award fees absent statutory authorization, the appellants' reliance on *Christianburg* is misplaced.

Amy despite evaluations which recommended such a placement. Further, the appellees allege that after one state agency—appellant Division of Special Education—denied the appellees' application for residential placement and recommended that Amy be placed in NISH, another state agency—NISH—informed the appellees that placement at NISH was not available. Such allegations, if proved, could support a finding that the appellants had acted in bad faith, thus invoking one of the exceptions to the rule in *Anderson*. The district court was therefore incorrect in finding that the appellees had failed to allege an exception to the *Anderson* rule.

We reach the same result with respect to *Stemple*. In *Stemple*, the Fourth Circuit held that when a parent removes a handicapped child from the child's current educational placement before exhausting the administrative procedures of section 615 of EHA, the parent is not entitled to damages for tuition expenses incurred in putting the child in a new placement. 623 F.2d at 898. While one could read *Stemple* as denying damages to a parent who had prematurely removed the child from the child's current placement even if the defendants had acted in bad faith, such a reading would conflict with this circuit's decision in *Anderson*. Thus, insofar as *Stemple* would bar the plaintiff's suit where *Anderson* would not, it is not the law of this circuit, and the appellees should not be found to have litigated in bad faith by pursuing their action after the decision in *Stemple*.

Finally, the district court found that the appellees had litigated their claim in bad faith by filing this action after an identical action had been dismissed with prejudice in Indiana state court. However, the complaint alleges that the last denial of the appellees' application for residential placement took place after the state action was dismissed. While the district court is correct in stating that claims arising prior to the dismissal would be barred by principles of *res judicata,* those principles would not bar claims arising from the subsequent denial. Therefore, the appellees' filing of this action could not be found to be in bad faith

on the basis of the prior state suit. Because we cannot accept the district court's stated grounds for its finding that the appellees' claim had no colorable basis in law, and because we find no other basis for concluding that the appellees' claim lacked a colorable basis in law, we hold that the district court's finding that the appellees litigated in bad faith was clearly erroneous.

### III.

We conclude that the district court erred in interpreting *Anderson* so as to bar a possible award of attorneys' fees to a prevailing defendant when a plaintiff litigated in bad faith. Since we hold that the district court's finding that the appellees litigated in bad faith was incorrect, we affirm the order of the district court.