Victor **LEPUCKI**

v.

Bernard L. **VAN WORMER, Donald Regan, Secretary of the Treasury of the U.S. and Employer of Van Wormer, and Richard Smulevitz, and his Employer, Inland Steel Co.**

**Civ. No. H 83–445.**

United States District Court,
N.D. Indiana,
Hammond Division.

May 31, 1984.

John Hyde, Hammond, Ind., for plaintiff.

Ronald F. Fischer, Trial Atty., Tax Div. Dept. of Justice, Washington, D.C., Bruce Brattain, Asst. U.S. Atty., Hammond, Ind., for Donald Regan & Bernard Van Wormer.

Palmer C. Singleton, Jr., Glenn R. Patterson, Highland, Ind., for Richard Smulevitz and Inland Steel Co.

## ORDER

MOODY, District Judge.

This cause is before the Court on a Motion to Dismiss filed by defendant Smulevitz and Inland Steel Company on September 27, 1983 and on a Motion to Dismiss or in the Alternative for Summary Judgment filed by defendants Van Wormer and Regan on October 3, 1983. The cause originally came before the Court on July 15, 1983 when defendants Smulevitz and Inland Steel Company filed a petition for removal; the petition sought removal, under 28 U.S.C. § 1441 and § 1442, of an action which plaintiff had filed in the Superior Court of Lake County, Indiana, plaintiff having responded to both Motions to Dismiss, the cause is before the court for a ruling.

### Facts

The complaint which plaintiff filed in state court, and which was removed to this Court, is in three counts: Count I alleges a cause of action against defendants Van Wormer and Regan for alleged libel/slander; Count II alleges a cause of action against defendants Inland Steel Company and Smulevitz for wrongful withholding ("conversion") of portions of plaintiff's wages for payment of federal income taxes. Count III is an action against defendants Smulevitz and Inland Steel Company for libel/slander.

Plaintiff is an employee of defendant Inland Steel Company and was an employee of that company in 1981. At the beginning of 1981 plaintiff filed with this defendant a Form W–4 Withholding Allowance Certificate asserting that he was exempt from wage withholding and had no tax liability. Defendant Inland Steel Company accepted the form and sent it to the Internal Revenue Service of the United States of America ("IRS"). The IRS, after investigating plaintiff's claimed exemption, ordered Inland Steel Company to resume withholding

federal income taxes from plaintiff's wages. The IRS also imposed a penalty of $500.00 plus interest against the plaintiff for providing false information on the W–4 Form submitted to the IRS via Inland Steel Company. On May 23, 1983 plaintiff was informed by Richard Smulevitz, then payroll supervisor of Inland Steel Company, that the penalty for providing false information to the IRS was being deducted from his wages at the directive of the IRS.

It is these facts that provide the basis for the complaint. Plaintiff asserts that the IRS' communication to Inland Steel Company that plaintiff was being penalized for providing false information to the IRS was a libelous/slanderous accusation; plaintiff seeks damages for $1,050,000 for this alleged defamation. Van Wormer is named as a defendant because he signed the penalty levy, acting thereby in the scope of his employment for the United States Treasury, personified in this action by Donald Regan, Secretary of the Treasury.[1] Plaintiff alleges that defendants Smulevitz and Inland Steel Company acted wrongfully in withholding wages to satisfy the IRS' requirements; plaintiff demands return of the wrongfully withheld wages. Count III is a claim against Smulevitz and Inland Steel Company for damages of $1,050,000; the basis of the claim is that Smulevitz' comment with regard to the reasons for withholding the penalty from plaintiff's wages was slanderous.

### Van Wormer and Regan: Motion to Dismiss or in the Alternative for Summary Judgment

Van Wormer and Regan move to dismiss the action against them under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.

Plaintiff admits in his complaint that the actions he characterizes as defamation were taken by defendant Van Wormer in

---

1. Included in the Motion to Dismiss or in the Alternative for Summary Judgment submitted by the federal defendants are two affidavits, from Revenue Officer Van Wormer and from his supervisor, Thomas P. Bixler; these affida-

vits indicate that Van Wormer's actions in regard to plaintiff were at all times "procedurally and administratively in accordance with the appropriate sections of Internal Revenue Manual 5300, *et seq.*"

the scope of his employment as an agent of the United States of America; Regan is also sued in his capacity as an official of the United States of America.

 Government officials sued for defamation based upon actions taken in the official scope of their duties are protected from liability by an absolute immunity created by federal common law. *Doe v. McMillan,* 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912 (1973); *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Inst.,* 566 F.2d 289 (D.C.Cir.1977), cert. denied 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160; *Bush v. Lucas,* 647 F.2d 573 (10th Cir.1981), cert. granted, 458 U.S. 1104, 102 S.Ct. 3481, 73 L.Ed.2d 1365, affirmed 103 S.Ct. 2404; *Scherer v. Manow,* 401 F.2d 204 (7th Cir.1968), cert. denied 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777. So long as the act complained of is encompassed within " 'matters committed by law to his control or supervision' ", the official is immune from civil defamation suits. *Barr v. Matteo,* 360 U.S. 564, 573–574, 79 S.Ct. 1335, 1340–1341, 3 L.Ed.2d 1434 (1959), quoting *Spalding v. Vilas,* 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1895). Plaintiff admits the communication at issue was made within the scope of Van Wormer's official duties as a revenue officer; therefore, Van Wormer and, derivatively, Regan are absolutely immune from suit.

The Court will, therefore, dismiss plaintiff's action against Van Wormer and Regan. The dismissal will be entered pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal for failure to state a claim upon which relief may be granted, despite defendants' motion for dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction.

 Absolute immunity is a complete defense to an action for defamation; once established, it defeats liability entirely. W. Prosser, *Handbook of the Law of Torts* § 114 (1971). When a complaint alleges facts that constitute an absolute defense to the claim asserted, that complaint "is vulnerable to a motion to dismiss for failure to state a claim upon which relief can be granted." 5 C. Wright & A. Miller, *Feder-al Practice and Procedure* § 1226 (1969). The dismissal of a complaint alleging defamation based upon the defense of privileged communication is a dismissal for failure to state a claim under Rule 12(b)(6). *Wallingford v. Zenith Radio Corp.,* 310 F.2d 693 (7th Cir., 1962); *see generally* Wright & Miller, *supra,* at § 3157. Therefore, it is under that rule that dismissal of this action will be entered.

### Smulevitz and Inland Steel Company: Motion to Dismiss

Defendants Smulevitz and Inland Steel Company move to dismiss Counts II and III of the complaint. The Court finds the motion well-taken, and will enter an Order dismissing both claims.

 Count II is for recovery for an allegedly wrongful withholding of wages. Count II fails to state a claim upon which relief may be granted; defendants were required to withhold the monies in question by a federal statute. 26 U.S.C. § 3403 requires employers to withhold money due for payment of taxes from employees' wages. And employers may not be sued for complying with the requirements of 26 U.S.C. § 3403. As one court held in granting a Rule 12(b)(6) motion to dismiss a similar action, "the employer may be penalized by IRS for failure to pay the tax to it, [but] suits against it by employees for taxes withheld from the pay of such employees are statutorily barred." *Chandler v. Perini Power Constructors, Inc.,* 520 F.Supp. 1152, 1156 (D.N.H.1981); *Lonsdale v. Smelser,* 553 F.Supp. 259 (N.D.Tex. 1982). Therefore, Count II will be dismissed under Rule 12(b)(6) as failing to state a claim upon which relief may be granted.

 Count III is an action for defamation based upon Smulevitz' statement to plaintiff that a penalty was being withheld from his wages, a penalty imposed for plaintiff's falsely representing to the IRS that he had no tax liability for the year in question. A penalty was imposed upon plaintiff; that $500 penalty was imposed under 26 U.S.C. § 6682. 26 U.S.C. § 6682

provides for civil penalties for "[f]alse information with respect to withholding allowances." Therefore, plaintiff was penalized for false representations to the IRS, so that Smulevitz' statement was true.

Though not, perhaps, as categorical a defense as the defense of absolute immunity, truth is also a defense to an action for defamation, and is generally regarded as a complete defense to such an action. W. Prosser, *Handbook of the Law of Torts* § 116 (1971); *Indiana Legal Encyclopedia*, "Libel and Slander" § 62; *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Curtis Pub.Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1099 (1967), rehearing denied 389 U.S. 889, 88 S.Ct. 11, 19 L.Ed.2d 197; *Olinger v. American Sav. & Loan Ass'n*, 409 F.2d 142 (D.C.Cir.1969); *Moore v. Credit Information Corp. of America*, 673 F.2d 208 (8th Cir.1982). Therefore, because Smulevitz' statement was true, defendants have a complete defense to the claim asserted in Count III; in the face of such a complete defense, the plaintiff's allegation must be dismissed under Rule 12(b)(6) for failing to state a claim upon which relief can be granted. *See* discussion in preceding section.

Therefore, both Counts II and III will be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Costs

The collective defendants have moved for an award of the costs, including attorneys' fees, respectively incurred in this action.

■ Rule 54(d) of the Federal Rules of Civil Procedure permits the court to award costs "to the prevailing party" in an action. Such an award is a matter within the trial court's sound discretion. *Marcus v. National Life Ins. Co.*, 422 F.2d 626 (7th Cir.1978); *Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir.1974), cert. denied 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666; *State of Illinois v. Sangamo Const. Co.*, 657 F.2d 855 (7th Cir.1981). When an action has been dismissed for failure to state a claim, the defendant is the prevailing party. 6 J. Moore, W. Taggart & J.

Wicker, *Moore's Federal Practice* ¶ 54.-70[4]; *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 80 F.R.D. 103 (S.D.N.Y., 1978).

■ "The American rule concerning attorneys' fees is that fees generally are not awarded absent statutory authorization." *Benner v. Negley*, 725 F.2d 446, 449 (7th Cir., 1984). Defendants concede that there is no statute directing an award of costs and attorneys' fees in this action. But defendants rely upon an exception to the so-called American rule: "The exception relevant to this case is that a district court may award fees when the losing litigant has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" 725 F.2d at 449, quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). *See also F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974) and *McCandless v. Great Atlantic and Pac. Tea Co., Inc.*, 697 F.2d 198, 200 (7th Cir., 1983). When a litigant has acted in bad faith, it is within the "inherent authority" of the court to award costs and attorneys' fees incurred as a consequence of that bad faith. 421 U.S. at 259; 725 F.2d at 449.

Such an award is appropriate only if "the litigant who filed the claim ... acted in subjective bad faith, and ... the claim ... was unsupported by probable cause." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir., 1983). Bad faith has been defined as conduct " 'without at least a colorable basis in law.' " 725 F.2d at 449, citing *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1269 (7th Cir., 1983). Therefore, to warrant an award of attorney fees, there must be evidence that plaintiff filed an action with no colorable basis in the law; the Court finds that there is such evidence, and that an award of costs and attorney fees is warranted.

■ Neither plaintiff's defamation actions nor his action against Inland Steel Company for withholding of wages had a colorable basis in law. All the actions com-

plained of were taken in accordance with statutes authorizing the collection of federal taxes, which plaintiff characterizes as the "lust of the government for revenue." Plaintiff's responses to the motions to dismiss are less legal briefs than ideological diatribes asserting, among other things, that wages are not income and that dollars are not legal tender. The Seventh circuit disposed of the former contention recently, with some asperity. *United States v. Kaliboski* (No. 82 CR 892, Decided April 24, 1984, 7th Cir.), n. 1. And the latter contention, like the others plaintiff advances, is at once absurd and irrelevant to the legal issues raised.

An award of fees and costs is warranted herein·because it is patently obvious that this action was instituted not for the good faith reparation of an actual wrong but, rather, as a device for asserting certain philosophical beliefs regarding the tax laws of the United States and their implementation. Though plaintiff has every right to the free expression of his beliefs in this area, he does not have the right to exploit the judicial system of the United States, and resources of individual and corporate defendants thereof, to that end.

It is, therefore, ORDERED that plaintiff's action against all named defendants herein be and the same is hereby DISMISSED under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is further ORDERED that defendants' motions for costs and attorneys' fees be and the same are hereby GRANTED. Defendants are to submit bills of costs and affidavits as to attorneys' fees within ten days from the date of receipt of this Order.